CLARK, *Plaintiff in Error*, v. ADAIR COUNTY.

A County is not liable in damages to one injured either in person or property by the fall of a county bridge.

*Error to Adair Circuit Court.* — HON. ANDREW ELLISON, Judge.

AFFIRMED.

*G. W. Cooper* for plaintiff in error.

*P. F. Greenwood* for defendant in error.

MARTIN, C.—This action was commenced on the 5th day of January, 1880, to recover from Adair county a judgment for injuries suffered by the plaintiff in respect to his person and property by reason of the fall of a bridge over a stream known as Salt River. It is alleged that while crossing on the bridge, with his team of mules and wagon, the bridge gave way and precipitated him and his team and wagon into the stream below, crushing his left leg, killing one mule and crippling the other, breaking his wagon and destroying all the merchandise contained in it. It is alleged that these injuries resulted from the defective construction of the bridge, from the failure to provide suitable materials; from the failure to keep the same in repair; thus

rendering the bridge unsafe for ordinary travel. The petition recites the laws relating to bridges and highways disclosing the public duty resting upon all counties or county courts to maintain safe and suitable bridges and roads. The defendant demurred to the petition as not stating a cause of action against the county. The court sustained the demurrer, and the plaintiff not asking to plead again, judgment was given for defendant, from which the plaintiff prosecutes his writ of error.

Under the law of this State, as laid down in the cases of *Reardon v. St. Louis County*, 36 Mo. 555, and *Swineford v. Franklin County*, 73 Mo. 279, the judgment in this case will have to be affirmed. Counties are territorial subdivisions of the State, and are only *quasi* corporations created by the legislature for certain public purposes. As such they are not responsible for neglect of duties enjoined on them or their officers unless the right of action for such neglect is given by statute. Such has always been the law of this State. The plaintiff's case does not fall within the distinction approved in the case of *Hannon v. St. Louis County*, 62 Mo. 313. In this latter case the county was held liable for injuries suffered by the employe of a contractor, while a trench was being dug through the grounds of the county insane asylum under the superintendence and control of the county. It was held that in respect to county property of which the county was owner and proprietor, it must be held responsible for negligence in improving and managing it like any other proprietor of realty. The correctness of the doctrine settled in *Reardon v. St. Louis County*, was not questioned, but on the contrary was alluded to in terms of approval.

All concurring, the judgment is affirmed.