## McCARTY, *Appellant*, v. CLARK COUNTY.

1. **Wrongful Taking of Land by County for Public Road:** EJECTMENT. Ejectment will lie against a county to recover land which has been wrongfully taken and converted into a public road. The plaintiff is entitled to recover in such action where the proceedings to open the road in question are void and there has been no dedication by use.

2. ——— : ——— : PRACTICE. In an action of ejectment against a county to recover land wrongfully taken for a public road, where the answer sets up the proceedings to open the road and avers their validity and alleges that the road has been used as a public highway continuously since that time to the date of the answer, such allegations constitute an admission of possession by the county and no proof will be required of such possession.

*Appeal from Clark Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED AND REMANDED.

*Wm. Berkheimer* for appellant.

Ejectment may be brought against a county to recover land claimed by the county to have been dedicated to a public use, and this is what Clark county sets up as a defense in her answer. Sedgwick and Wait's Trial of Title to Land [2 Ed.] 174, sec. 251; *Barry v. Sonoma County*, 43 Cal. 217; *Lyell v. Supervisors*, 3 McL. 580; *Armstrong v. St. Louis*, 69 Mo. 303; *Strong v. City of Brooklyn*, 68 N. Y. 1. Sedgwick & Wait's Act. & Def., sec. 252. A county is considered a *quasi* corporation capable of suing and being sued, of owning land and instituting ejectment therefor. *California v. Howard*, 78 Mo. 88; *Lincoln County v. McGrudder*, 3 Mo. App. 314; *Bennett v. Walker*, 64 Ga. 326. The defendant by interposing a general denial of plaintiff's title and right of possession admits that

he is in possession, and if he desires to controvert the question of possession, he must do it by a special plea. Sedgwick and Wait on Trial of Title to Land [ 2 Ed.] 343, sec. 479, cases cited therein, note 1 ; *Peterson v. Lake*, 24 Mo. 541 ; *Miller v. Myers*, 46 Cal. 535 ; *Greer v. Tripp*, 56 Cal. 209 ; *Harrison v. Taylor*, 33 Mo. 211 ; *La Riviere v. La Riviere*, 77 Mo. 512. The county is the proper party. *Carpenter v. Grisham*, 59 Mo. 247. A public easement is sufficient to support an ejectment. *Cincinnati v. White*, 6 Pet. 431 ; *Land Co. v. Mayor*, 36 N. J. L. 540 ; 20 N. J. L. 86 ; *San Francisco v. Sullivan*, 50 Cal. 603.

*Wood & Montgomery* for respondent.

( 1 ) The proceedings in this case cannot be maintained, and the instruction given by the court of its own motion—that the right of the public to travel over the road in question could not be tested in an action of ejectment against the county—was correct. In the proceedings taken by the county court, establishing, opening and working said road, it " was performing functions imposed upon it by the general road laws of the state, and was acting for the state, not for the county." *Reardon v. St. Louis County*, 36 Mo. 555 ; *Swineford v. Franklin County*, 73 Mo. 279 ; s. c., 6 Mo. App. 39 ; *Clark v. Adair County*, 79 Mo. 536 ; *Murtaugh v. St. Louis*, 44 Mo. 479 ; *Ray County v. Bently*, 49 Mo. 236 ; *Johnson County v. Wood*, 84 Mo. 516 ; *Barton County v. Walser*, 47 Mo. 189 ; *Case of Railroad*, 36 Am. Dec. 202. ( 2 ) A highway is an easement, comprehending merely the right of all the individuals in the community to pass and repass, with the incidental right of the public to keep it in repair, but it does not comprehend any interest in the soil, nor does it give the public the legal possession of it. *Dubuque v. Maloney*, 74 Am. Dec. 358. And an action of ejectment will not

McCarty v. Clark County.

lie against one claiming an easement in a parcel of land to try his right to enjoy the same. Washburn on Easements [ 3 Ed.] p. 693 ; Tyler on Ejectment, p. 41 ; *Smith v. Wiggin,* 48 N. H. 105 ; *Caldwell v. Fulton,* 31 Penn. 483 ; *Wilklow. v. Lane,* 37 Barb. 244 ; 6 Am. and Eng. Ency. of Law, 232 ; *Child v. Chappell,* 9 N. Y. 246 ; *Road Co. v. Smith,* 15 Barb. 355. (3) The county is a creation of the legislature and a part of the sovereign government, and as such it cannot be sued except by the consent of the state. Therefore, there being no statute authorizing an action of this kind against the county, it cannot be maintained. 4 Am. and Eng. Ency. of Law, pp. 364, 365, 369. Possession by the defendant is one of the facts which a plaintiff in ejectment must allege and prove. *Clarkson v. Stanchfield,* 57 Mo. 573. It is only in an action of ejectment brought by one co-tenant against another that a general denial is held equivalent to an admission of the possession and ouster. *Falconer v. Roberts,* 88 Mo. 574, and authorities cited. ( 4 ) Even if it was conceded that this action could be maintained against the county, there is no evidence whatever that the county was in possession of the road.

BLACK, J.—There are two counts in the petition ; the second is ejectment for a strip of land, one hundred and sixty rods in length by sixty feet in width. The county defends under proceedings had in 1872 for the opening of a public road. The court found for the defendant. As the record stands, the important questions arise over the following instructions given by the court of its own motion :

The right of the public to travel over and use the public road in question cannot be tested by an action of ejectment against the county.

The evidence does not show that the county is in possession of the lands over which the alleged road is located.

The first of these instructions, when applied to the facts, is an assertion that ejectment will not lie by the owner of the fee of land over which the county has, by illegal and void proceedings, laid out and opened a public road. That our counties are *quasi* public corporations, and may sue and be sued, is too plain a proposition to call for the citation of statutes and authorities. The cases of *Reardon v. St. Louis County*, 36 Mo. 555, and *Clark v. Adair County*, 79 Mo. 536, were suits to recover damages occasioned by defective bridges. *Swineford v. Franklin County*, 73 Mo. 279, was a suit to recover damages for filling up a mill race. The principle of law asserted in these cases is that counties are not responsible for neglect of duties enjoined on them or their officers, unless a right of action for such neglect is given by statute. These cases, which are relied upon by the respondent, do not meet the question. Indeed they have little or no bearing upon it.

It was long ago held by this court that ejectment would lie against a city to recover land which the city had wrongfully taken and converted into a public street. *Armstrong v. The City of St. Louis*, 69 Mo. 309. A city invested with the control of its streets may maintain ejectment for land dedicated for a street, though the fee is in the county by virtue of the law concerning town plats. *The City of California v. Howard*, 78 Mo. 89. But the argument is made that the county courts in opening, repairing and maintaining roads are not the agents of the counties, and that the counties, as such, have nothing to do with the roads, and in contemplation of law are not in possession of them.

It may be well to refer to some of the provisions of the law in force under which the county endeavored to open this road as found in 2 Wagner's Statutes of 1870, page 1218. All roads must be opened and repaired under the provisions of that act. All roads formerly

known as state and county roads are called public roads. The county courts have authority to locate, open and improve roads, and may macadamize, grade and improve them, and for these purposes may borrow money on the credit of the county, and may issue the bonds of the county. The road commissioner, in laying out roads, "shall have power to take conveyances of the right of way in the name of, and for the use of, the county through lands upon which any road may be located, when such conveyance can be had." All these, and many other of the provisions of the statute show that the counties, through their county courts and other officers, have the management and control of the public highways.

A distinction has long been maintained between counties and cities as to liability for injuries arising from defective highways; but that distinction does not affect the question in hand. Ejectment will lie against a county, the same as against a city, to recover land which has been wrongfully taken and converted into a public road. The remedy being allowed in the one case, there is no good reason why it should be denied in the other. Sedg. & Wait on Trial of Land Titles [ 2 Ed.] secs. 251, 252. If the proceedings to open the road in question are void, and there has been no dedication by use, then the plaintiff should recover.

The county, in its answer, sets up the proceedings had to locate and open the road and insists that they are regular and were conducted according to law. It is then alleged that the road has been used as a public highway continuously from that date to the present time. These allegations constitute an admission of possession on the part of the county, and no proof was required upon that point. The court, therefore, erred in both of the instructions in question.

As to the first count, it is sufficient to say, that it is but a detailed history of the proceedings taken by the

county to open the road, with the prayer that they be set aside. It is a useless count, and should be stricken out. The proper remedy, as we have said, is by ejectment. The judgment is reversed, and the cause remanded. All concur