PUNDMAN, *Appellant*, v. ST. CHARLES COUNTY.

### Division One, June 20, 1892.

1. **County: DEFECTIVE BRIDGE: NEGLIGENCE.** A county, in the absence of statutory provisions creating such liability, is not responsible for injuries resulting from the neglect of its officers to keep its bridges in safe condition.

2. **———: ———: ———: CONSTITUTION.** The constitutional provision (art. 2, sec. 21) that "private property shall not be taken or damaged for public use without just compensation" has no application to such case.

*Appeal from St. Charles Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*T. F. McDearmon* for appellant.

The court below erred in sustaining defendant's demurrer to the petition. The petition stated a cause of action and was sufficient. The sole question raised by the record in this case is, whether the defendant county is legally responsible or liable to the plaintiff for damages sustained by him on account of the negligence of the officers of said county in the construction of a county bridge as part of one of the public roads in said county. Constitution, 1875, art. 2, secs. 20, 21; R. S., ch. 23, secs. 900–917, p. 287; *Chester Co. v. Brower*, 117 Pa. St. 647; dissenting opinion of SHERWOOD and HENRY, JJ., in *Swineford v. Franklin Co.*, 73 Mo. 279; Constitution of Pennsylvania, 1874, art. 16, sec. 8.

*Louis H. Breker* for respondent.

(1) The demurrer to the petition was properly sustained for the reason that appellant's petition does not state facts sufficient to constitute a cause of action, because the respondent, St. Charles county, cannot be held liable for damages in this action. *Reardon v. St. Louis Co.*, 36 Mo. 555; *Swineford v. Franklin Co.*, 73 Mo. 279, and cases there cited. (2) The demurrer is further properly sustained for the reason that the petition contains two distinct and separate causes of action, to-wit: *First.* Damages on account of injury to Howard Washington, the teamster. *Second.* Damages on account of injury to a span of mules, harness and wagon belonging to Pundman. The two separate causes of action have been commingled together in one count in the petition, with one prayer for damages for the two. Both of these causes of action have been improperly united. Practice Act, R. S., sec. 2043, p. 540; *Mulholland v. Rapp*, 50 Mo. 42; *Fradley v. Smith*, 23 Mo. App. 87; *Darby v. Cabanne*, 1 Mo. App. 126.

BRACE, J.—This is an appeal from the judgment of the circuit court of St. Charles county, sustaining a demurrer to the plaintiff's petition in an action in which the plaintiff seeks to recover $500 damages from the county of St. Charles for injuries resulting from a defective county bridge. The material allegations of the petition are as follows:

"Plaintiff says that on or about the sixth day of July, 1889, Howard Washington, his employe, was, under his orders, driving two mules with a wagon attached thereto, loaded with wheat, along the public highway leading south from the city of St. Charles, under and along the bluff to Green's bottom in said

county; that, while attempting to cross a bridge erected on and along said road over and across what is known as Taylor's branch, said bridge gave way and fell down, precipitating the said Howard Washington, employe and driver of the plaintiff, and his two mules, harness and wagon, with the wheat therein contained into said branch, whereby the said Howard Washington, driver of said mules, was severely injured and disabled, requiring medical attention for several weeks and prevented from laboring and earning his maintenance for the space of one month and a half, all of which the plaintiff at great expense furnished him, and the said mules were severely cut, bruised and crippled, so as to render them unfit for use for the space of six weeks and greatly reducing the market value of said mules, and the said wagon and harness were broken and completely demolished and destroyed.

"Plaintiff states that said bridge gave way and fell down as aforesaid, by reason of the carelessness and negligence of the defendant in not providing proper plans and specifications and material for, and in the construction thereof, and in not taking proper care, as it was in duty bound to do, to see that said bridge was constructed in such manner and of such material as to make the same strong and safe for the passage of teams and vehicles, and to keep the same in such strong and safe condition and repair as to permit such teams and vehicles to cross over and upon the same with safety."

The demurrer was properly sustained. It has long been settled law in this state that counties, being merely political subdivisions of the state and only *quasi* corporations created by the legislature for purposes of public policy, are not responsible for neglect of public duties enjoined upon its officers, unless the action is given by statute; and no statutory action is given in cases such as this. *Reardon v. St. Louis Co.*, 36 Mo. 555; *Hannon*

*v. St. Louis Co.*, 62 Mo. 313; *Swineford v. Franklin Co.*, 73 Mo. 279; *Clark v. Adair Co.*, 79 Mo. 536. Other cases might be cited, but these being directly in point are sufficient.

Although this doctrine has been maintained since, as well as before, the adoption of the constitution of 1875, yet it is now suggested that it ought no longer to be adhered to because of the provision contained therein that "private property shall not be taken *or damaged* for public use without just compensation." Constitution, art. 2, sec. 21. It is not seen how this constitutional provision has any application to the case in hand. Certainly the plaintiff's property was neither taken nor damaged for the public use, within the meaning of this provision of the constitution made to secure to the owner compensation in case his property is either taken or damaged for the public use in the exercise of the right of eminent domain; nor can it be seen how the plaintiff's property in this case has been either taken or damaged for the public use in any sense whatever.

No authority is cited in support of this contention, except *Chester Co. v. Brower*, 117 Pa. St. 647, in which it was held, under a constitutional provision that "municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements," that "a county was liable for damages to the plaintiff, whose property was not taken but damaged by the erection of the abutments of a bridge some fourteen feet above the grade of the street in front of his house." This case is evidently not in point and furnishes no support to plaintiff's contention.

The judgment of the circuit court is affirmed. All concur.