# ARNOLD STAPENHORST et al., Appellants, v. CITY OF ST. LOUIS.

### Division One, April 9, 1921.

1. **DAMAGES: Grade of Street: Waiver: Estoppel.** Where there was embodied in the deed of dedication of a sub-division a clause to the effect that "all avenues and alleys laid out in said sub-division, and for better identification etched on the above plat, are hereby dedicated to public use forever, and any claims for damages which may arise by reason of changing the present surface of said avenues and alleys to conform to such grades as may hereafter be established by the city, are hereby waived," and said deed of dedication was accepted by the city and duly recorded, and thereafter the grade of one of said avenues was changed to seven feet below the natural surface, after plaintiffs, with notice, bought lands abutting thereon from the dedicator, they are estopped to claim damages contrary to said waiver

2. ———: ———: ———: **Consideration: Acceptance.** The acceptance by the city of a deed dedicating streets to public use and containing a waiver of damages for changes in the grade is in itself a sufficient consideration to sustain both the dedication and waiver.

3. ———: ———: ———: **Damages to Abutting Property.** The Constitution of 1875, in declaring that private property cannot be taken or damaged for public use without just compensation, did not prevent a proprietor of a sub-division of land, who wishes to sub-divide it into blocks, streets, lots and alleys, from expressly authorizing the city, in the deed of dedication, to grade the streets without paying damages to abutting property, By his deed of dedication, the proprietor may give up his right to compensation, for the uses included in the dedication, both for the taking of the property used as the street and for damages to the adjoining property resulting from such use.

4. ———: ———: ———: **Running With Title: Easement.** Where the owner of land by his deed of dedication gives and dedicates to the public an easement to use and grade the land embraced in the street without the payment of damages to the dedicator's adjoining land, and such deed is accepted by the city and is acknowledged and recorded, subsequent purchasers from such owner of lots abutting on the street take title subject and servient to

such public easement, which becomes an encumbrance upon their lots and runs with the title. The city's right to grade without paying damages, in such case, is an easement, and not a mere revokable license.

5. ———: ———: ———: **Coerced by City: Evidence.** That the board of public improvements refused to approve the plat of the subdivision unless the deed of dedication contained a release of damages for subsequent grading of the streets, can only be shown by its records; for neither the city nor the public is bound to take knowledge of its acts or words unless they are of record.

6. ———: ———: ———: ———: **Power of Board: Abuse of Discretion.** Under the old charter of St. Louis declaring that "the Board of Public Improvements shall have authority to approve maps or plats of sub-divisions which fully dedicate to the public use, streets, alleys and public places," said board had authority to accept a deed of dedication or plat waiving damages for subsequent grading of the streets so dedicated, and having such authority it did not abuse its discretion by refusing to approve such plat or deed unless it contained a waiver of such damages.

7. ———: ———: ———: **Ultra Vires.** The acceptance by the City of St. Louis of a deed of dedication containing a waiver of damages for subsequent change in the grade of streets is not beyond the power of the city, nor of any statute, nor of any provision of the Constitution. And since the statute expressly provides that when property owners lawfully entitled to damages for grading a street "shall not have waived all right or claim thereto" ordinances providing for such grading shall also provide for ascertaining and paying the damages, there is no more proper or timely way of making a waiver of such damages than in the deed of dedication.

Appeal from St. Louis City Circuit Court.—*Hon Charles B. Davis,* Judge.

A FFIRMED.

*Joseph Reilly* for appellant.

(1) The "waiver" is void. (a) Because it attempts to permit the damage of private property for public use, contrary to the Constitution of Missouri, Article 2, Section 21. (b) Because there is no consideration mentioned therein to support the promise of the grantor in the deed of dedication to waive the contem-

plated damages. Hudson v. Browning, 264 Mo. 58; Bailey
v. Austrian, 19 Minn. 535; Crane v. Crane & Co., 105
Fed. 869; Riegart v. Coal Co., 217 Mo. 142. (c)   Because
it does not define and specify what is meant by all
"claims for damages." Hudson v. Browning, 264 Mo.
58.   (d)   Because it empowers the defendant city to
arbitrarily and despotically change the level of the street
without restriction or limitation either as to the depths
to which it might lower the street or to the heights it
might elevate the street.   Under the provisions of the
"waiver" the city could lower the street to below the
level of the bottom of the Dead Sea, or raise it to the
cloud line.   (e)   Because there is no mutuality of prom-
ise.   The city does not promise to make the street. or
to change the grade.   It might make the street on the
natural level of the surface of the ground or it might
grade it as it pleased.   There is nothing in the waiver
to indicate what was in the minds of the parties.   One
party might have had the intention of making a great
ditch in the street, while the other might have believed
that the city would scratch the surface of the hills and
throw a little earth on the street in the valleys.   It is most
probable that neither party at the time thought that
any portion of this street would be dug down seven feet
below the natural surface of the street, as was done in
front of the plaintiffs' property, to their great damage.
The deed of dedication was recorded June 25, 1909, the
work done on the street was done in the year 1916, seven
years after.   Cold Blast Trans. Co. v. Kansas City Bolt
& Nut Co., 114 Fed. 77; 40 Cyc. 259.   "Before a waiver
can be valid the parties sought to be bound thereby must
have a full knowledge of all the facts appertaining to
the thing waived."   At the time of the execution of the
"waiver" neither party had any knowledge of any of
the facts, because they were not in existence at the time
of its execution.   A fact means something done, an act.
There was nothing done at the time, so how could they
have knowledge of something which was not only not
executed, but not even in the minds or contemplation of

either of the parties? (f) Because it is against public policy. (g) Because the damages waived is coextensive only with the land dedicated, to-wit, the streets and alleys, as shown by the agreement of Alice B. Von Versen, the holder of the deed of trust on the land wherein she releases her rights under the mortgage to the land embraced in the streets and alleys. The "waiver" is void as to her. If the damage had accrued to her interests under the mortgage on the land she was not barred from her action for damages. The city knew that she had rights in all the property covered by the mortgage. It took the precaution to have her release as to the land embraced by the streets and alleys, but she was not joined in the waiver for damages. And she was a necessary party. The owner of the land could not make such an agreement without the holder of the deed of trust being a party thereto. If the "waiver" is void as to one it is void as to all, because it says, "All claims for damages." It would not cover possible or probable or certain damages to her, therefore it is void *ab initio* as to all. (h) Because it is *ultra vires*. (2) The "waiver" is a mere license, and was revoked by the grantor in the deed of dedication, when she sold the land covered and affected by the "waiver." Black's Law Dictionary; 25 Cyc. 640, 650. (3) The "waiver" is void because it is meaningless, ambiguous, indefinite and uncertain. McGuire v. Wilson, 187 S. W. 612; Delmar Inv. Co. v. Lewis, 196 S. W. 1137; Brick and Const. Co. v. Gentry County, 257 Mo. 392; Barber Asphalt Co. v. O'Brien, 128 Mo. App. 267; Coulter v. Brick & Const. Co., 131 Mo. App. 230; City of Poplar Bluff v. Bacon, 144 Mo. App. 476; Webb v. Aylor, 163 Mo. App. 476; Custer v. Springfield, 167 Mo. App. 354; Schulte v. Currey, 173 Mo. App. 578.

*Chas. H. Daues, Oliver Senti* and *H. A. Milton* for respondent.

(1) The waiver of damages for the grading of Beacon Avenue is not in violation of Article 2, Section 21, of the Constitution of Missouri. The Legislature and

courts of this State have declared that municipalities may and in some cases must secure a waiver of damages before changing the grades of their streets. R. S. 1909, secs. 9828, 9044, 9050; Sec. 5665, R. S. 1899; McQuarter v. St. Joseph, 134 Mo. App. 645. (2) Appellants' predecessor in interest, the dedicator, received a good and valuable consideration for the rights that she waived. This consideration was the approval of her plat by the city and the advantages resulting to her therefrom. These advantages were: First: The right to have the map or plat recorded, which could not be done without the city's approval. Old Charter, Art. 6, sec. 1. Second: The right to sell or offer for sale the lots in the subdivision which could not be done without incurring a penalty of $300 for each lot sold or offered for sale, until the approval by the City through its Board of Public Improvements, permitting the recording of the plat. Sec. 8959, R. S. 1909. Third: The advantage of having the lots in the subdivision front or abut on the public streets and public alleys indicated on the plat, and this advantage is still enjoyed by the appellants. Without an approval of the plat and dedication the street in front of appellants' lot would not be a public street and the alley in the rear thereof would not be a public alley. ⋅ (3) The waiver is not void for uncertainty as it included any claims for damages which might arise by reason of changing the then present surface of the streets and alleys to conform to such grades as might thereafter be established which clearly means and includes all claims that might arise by reason thereof. The language of the waiver is to be construed in the light of the circumstances surrounding the parties at the time it was executed and the intention of the parties gathered from the whole instrument. Warne v. Sarge, 258 Mo. 168. (4) The city had the power to grade its streets when the waiver was executed. Old Charter, Art. 3, sec. 6, cl. 2. The fact that damages had been waived could not affect the manner in which the power might be exercised. (5) The performance of an act is sufficient

287 Mo.—19

inducement for a party entering into a contract. Cold Blast Trans. Co. v. Kansas City Bolt & Nut Co., 114 Fed. 77. The act inducing the dedicator to execute the waiver was the approval of the plat and dedication. Where the public is granted an easement the grantor is presumed to have intended that it will be exercised in the manner that its enjoyment by the public may require. Julia Bldg. Assn. v. Bell Tel. Co., 88 Mo. 258. To safeguard the taxpayer of the city against damage suits resulting from the grading of Beacon Avenue by requiring the waiver of damages to be embodied in the deed of dedication is in keeping with sound public policy and those who seek the advantages which grow out of the subdividing of the property and the dedication of the streets therein should not be permitted to shift the burden thereof to the taxpayers of the entire city. Protection of the taxpayers from this burden has received the sanction of the Legislature and of the courts. R. S. 1909, secs. 9828; 9044, 9050 (Sec. 5665, R. S. 1899); McQuarter v. St. Joseph, 134 Mo. App. 645; Taber Street No. 1, 26 Pa. Sup. 107. (6) The language of a deed is to be construed against the grantee. Grooms v. Morrison, 249 Mo. 554; Lineville v. Greer, 165 Mo. 380. And in the light of the circumstances surrounding the parties at the time of its execution. Warne v. Sarge, 258 Mo. 168. (7) The act of the Board of Public Improvements in accepting and approving the deed of dedication embodying the waiver was not *ultra vires*. Old Charter, Art. 6, sec. 1. (8) A deed of dedication is not a mere license that may be revoked by a subsequent conveyance. Pierce v. Chamberlain, 82 Mo. 622; Davis v. Railroad, 119 Mo. 180; Waldron v. Kansas City, 69 Mo. App. 50; Alton v. Columbia, 145 Mo. App. 182. A condition in a deed of dedications runs with the land. Snoddy v. Bolin, 122 Mo. 479. The heirs and assigns are bound by the grantor's deed. R. S. 1909, sec. 2870.

SMALL, C.—Appeal from the Circuit Court of the City of St. Louis. The petition states that plaintiffs,

being the owners of certain real estate in the City of St. Louis on Beacon Street, the city established a grade on said street seven feet below the natural surface in front of plaintiffs' property, and graded the street to such established grade, whereby plaintiffs' property and improvements thereon were damaged in the sum of $3000, for which they pray judgment.

The answer, besides a general denial, alleged that the damages sued for were waived by reason of the fact that when "Florissant Avenue Hill Sub-division was opened, and the streets and avenues and alleys therein were dedicated, there was embodied in the deed of dedication, the following clause: 'All of the avenues and alleys laid out in said subdivision, and for better identification etched on the above plat, are hereby dedicated to public use forever, and any claims for damages which may arise by reason of changing the present surface of said avenues and alleys to conform to such grades as, may hereafter be established by the city, are hereby waived,' which deed of dedication containing the above waiver and the plat referred to in the said deed was then and there accepted by the City of St. Louis, and all of which is recorded in Plat Book 18, at pages 60 and 61, in the office of the Recorder of Deeds in and for the City of St. Louis, Missouri, and that the property described in plaintiffs' petition, as well as that part of Beacon Avenue fronting and abutting thereon, is located in said Florissant Avenue Hills Subdivision."

The reply admitted and charged the making on the 6th day of April, 1909, by Josephine A. Collins, plaintiffs' grantor, of said deed of dedication and the due acknowledgment and recording thereof on June 26, 1909. It further set up the joinder in said deed of dedication of the holder of a mortgage but who did not waive said damages for grading. That on June 25, 1909, the day on which the Board of Public Improvements of said city accepted and approved said deed and the plat subdividing said land, said mortgages was duly recorded, and when defendant accepted said waiver of damages for

grading the streets, it did so with full knowledge that such waiver did not affect the rights of the holder of said mortgage. The reply further alleged that said waiver was void as to plaintiffs, because said Josephine A. Collins parted with the ownership of plaintiffs' property before said street was graded or damages accrued to said property, and before said Josephine A. Collins knew what she was waiving, as such damages were not then *in esse*; that there was no consideration for her making said waiver; that plaintiffs were not bound by said waiver, because no grade of said street was established when they bought said property; that they erected a substantial two-story brick dwelling on said property, and thereafter defendant city, by such grading, changed the natural surface of the street, whereby plaintiffs were damaged, as alleged in the petition. That said waiver is also void, because it is against the Constitution of the State of Missouri, Section 21, Article II, in that it permitted the damage of plaintiffs' property for public use without just compensation. The reply further alleged that plaintiffs claimed title by mesne conveyances from said Josephine A. Collins. There is no allegation that said mortgage was ever foreclosed, or that plaintiffs claimed title by any sale thereunder.

The city demurred to the reply, which the court sustained, and the plaintiffs, refusing to plead further, the court rendered judgment on the pleadings for the defendant.

Plaintiffs thereupon appealed to this court.

I. We think the learned court below committed no error.

There is no claim, on plaintiffs' part, that they were purchasers without notice of the deed of dedication made by their grantor, which released the public and the city from damages sued for in grading said street. The petition shows that the street was graded before plaintiffs brought their suit. The presumption is that the city acted upon said waiver of damage in grading said street, and, therefore, plaintiffs

Waiver: Estoppel.

would be estopped to set up that there was no consideration therefor. Independently, however, of the plaintiffs being estopped by waiting until after the street was graded to complain of the want of consideration for such waiver, we hold that the acceptance of the deed dedicating the street and containing the waiver of damages for grading was, in itself, a sufficient consideration to sustain both such dedication and waiver. It is alleged, in the answer and the reply, that the city and its Board of Public Improvements approved and accepted said deed of dedication with said waiver therein, and also the plat subdividing said property laying out said street. The acceptance of a ordinary deed of dedication is sufficient consideration on the part of the public. [Pierce v. Chamberlain, 82 Mo. l. c. 621; Borchers v. Brewer, 271 Mo. l. c. 141-2.] We see no reason why the same rule should not apply when, in addition to the usual dedication of the street, the proprietor also waives damages from grading, or dedicates the *right to grade* the street in favor of the public.

*Acceptance.*

II. But, it is strenuously argued that the damages sued for are in the nature of a chose in action that did not belong to the said Josephine A. Collins, plaintiffs' grantor, because said damages had not then accrued to her land; that such waiver did not run with the land, and plaintiffs are not bound thereby; that the damages claimed only accrued after the plaintiffs became the owners of the property, and that they became entitled thereto under the Constitution of the State when such damages accrued, that the city's right was a mere license, and was revoked by the conveyance of said land to the plaintiffs, that the city's right to grade, granted by said waiver, is and was not an easement in plaintiffs' land.

*Damages to Abutting Property.*

We must rule this contention against the plaintiffs. In our opinion said release and waiver of damages to the adjoining property in grading the street was incorporated in and part of the easement granted the public for

street purposes in the land dedicated for the street itself by said deed of dedication.

Prior to the adoption of the Constitution of 1875 the dedication of a street for public use, without more, was held (except in Thurston v. St. Joseph, 51 Mo. 510, where the court divided) not only to dedicate the right to use the natural surface, as a public highway, but also to change the grade of the natural surface, either by lowering or raising it, and all damage to the adjoining property caused thereby was considered *damnum absque injuria*. [City of St. Louis v. Gurno, 12 Mo. 414; Taylor v. St. Louis, 14 Mo. 20; Hoffman v. St. Louis, 15 Mo. 651; Thurston v. St. Joseph, 51 Mo. 510; Clemens v. Ins. Co., 184 Mo. 1. c. 53.]

By prohibiting the "damage" to, as well as "taking" of private property for public use without just compensation (the old Constitution only prohibited the "taking"), the Constitution of 1875 excluded the right to grade the street and damage adjoining property thereby, where there was a mere general dedication of the street for street purposes. Accordingly, in such cases, since the adoption of the Constitution of 1875, the adjoining landowner, when damaged by the grading of a street, has had his action therefor. [Householder v. Kansas City, 83 Mo. 488; Sheehy v. Railroad, 94 Mo. 574; Clemens v. Ins. Co., 184 Mo. 46.]

But it has never been held that when the dedicator in his deed of dedication goes further and adds to such dedication an express provision, that the public may also grade the street in any way it sees fit, without paying damages, which the waiver in this case, in substance did, the public would still have to respond in damages for doing such grading.

We hold that the Constitution of 1875 did not prevent a proprietor of a subdivision of land, who wishes to subdivide it into lots and blocks and streets, avenues and alleys, from *expressly* making his dedication f' street purposes, as broad and full as it was held by *implication* to be under the old Constitution, and to in-

clude the right to grade the street, on the part of the public, without paying damages done to his adjoining land. He can give any right to the public in making such dedication, especially if the dedication is made by deed duly signed, acknowledged and recorded, he sees fit to give. This is well illustrated in the case of Julia Bldg. Assn. v. Telephone Co., 88 Mo. 258. In that case, this court held that making an excavation in a street and placing and maintaining a telephone pole therein gave the adjoining property owner no cause of action for the injuries he sustained thereby, because that was one of the uses and purposes for which the street was originally dedicated, although the dedication was simply general, and contained no express provisions for the erection of telephone poles in the street. Judges HENRY and SHERWOOD dissented, but on the ground that such use was not embraced within the terms, express or implied, of the dedication, but they conceded that no suit for damages could arise to the adjoining landowner from any use embraced within the dedication. The majority opinion, uses this language (88 Mo. l. c. 274-5): "If, by reason of the dedication the public have the right to apply the private property of the plaintiff to the use proposed without his being entitled to compensation, how can it be that it becomes entitled to compensation for damages, flowing as an incident from an act, which the dedicator by his dedication, has authorized to be done? . . . If by dedicating property for a street, the dedicator gives up his right to compensation for the uses included in the dedication, how can it be said that he does not also give up his right to compensation for damages to adjacent property not taken, resulting from the application of the street to a use which by his dedication he authorized?"

In the case before us, the deed of dedication by plaintiffs' grantor to the city gave and dedicated to the public an easement to use and grade the land embraced within the street without payment of damages to her adjacent land, and such deed having been made, ac-

knowledged and recorded before plaintiffs purchased their property, they took title, subject and servient to such public easement. Such easement was an encumbrance on the plaintiffs' lot, which ran with the title thereto.

The nature of the rights of the city comes clearly within the definition and characteristics of an easement, as laid down in Black's Law Dictionary, quoted by learned counsel for appellants, to-wit: "A privilege which the owner of an adjacent tenement hath of another, existing in respect to their several tenements, by which that owner against whose tenement the privilege exists is obliged to suffer or not to do something on or in regard to his own land for the advantage of him in whose land the privilege exists." While the city, or the public, is not the technical owner of the fee in the land in the street, but holds it as trustee for the public for street purposes, its easement for street purposes makes it, in this case, the beneficial "owner of an adjacent tenement,' having a privilege against the tenement "of another" by which the latter "is obliged to suffer some thing on or in regard to his own land for the advantage" of the former.

The public's right to grade without paying damages was, therefore, an easement, and not a mere license, revocable and revoked by the transfer of the land to plaintiffs, as contended by appellants' learned counsel.

111. It has also been suggested that the Board of Public Improvements refused to approve the plat of the subdivision unless the deed of dedication containing the release of damages for grading was also signed, which said board had no authority to do, and, therefore, said release was void. It is true, counsel for the city in their brief contend that said board would have refused to approve the plat unless said deed contained said waiver, as it was the policy of the board to do; but they so contend more by way of argument to show a consideration for

*Coerced Waiver.*

such waiver, than as the statement of a fact, in this particular case. They nowhere suggest that the board acted officially, or that any record exists showing any such refusal, rule or policy. The said board could only speak and act by its record, and neither the city nor the public is bound to take notice of its acts and words unless of record. In any event, there is nothing in the record of this case showing any such refusal, nor anything other than a voluntary action of her own initiative, on the part of the plaintiffs' grantor, in making said deed of dedication.

IV. (a) It is said, too, that the Board of Public Improvements had no authority to accept a deed, of dedication or plat waiving damages for grading the streets. We cannot agree to this contention. Section 1, Article VI, of the old Charter of St. Louis, in force when this deed and plat were made, after

*Power of Board.* providing that the streets laid out in such sub-divisions should conform to the existing streets of the city, and that such plat should be submitted to said board for approval, and should be of no validity, and should not be recorded by the Recorder of Deeds, "until the approval of said board is endorsed thereon," provided as follows: "The Board of Public Improvements shall have authority to approve maps or plats of sub-divisions which *fully* dedicate to the public use, streets, alleys and public places, and which are made as herein required." (Italics ours). As we have seen, the waiver of damages herein was part of and appurtenant to the public easement in the streets given and dedicated for street purposes, and was, therefore, clearly authorized to be approved or accepted when contained in any such map or plat or deed by said board on behalf of the city.

(b) It also follows that said board would not abuse its discretion as to approving such plats and deeds of dedication connected therewith by refusing to approve them, unless they expressly waived damages in grading the streets, as well as dedicated them to public use.

Said board could not be held to abuse its discretionary powers in *requiring,* in such plats or deeds, such *full* public easement in the streets, as it was *authorized* to approve and accept on behalf of the city.

V.   Nor can we find anything *ultra vires* the city, itself, in the law, or the city charter, nor anything contrary to the spirit of the Constitution, in the city accepting this deed of dedication with the waiver therein contained.   Section 9828, Revised Statutes 1909, being Section 6239, Revised Statutes 1899, governing cities of 300,000 inhabitants or more, and which applied to the city of St. Louis at the date of said dedicatory deed, expressly provided that when property owners lawfully entitled to damages for grading a street *"shall not have waived all right or claim thereto,"* then the ordinance providing for such grading should provide for ascertaining and paying such damages.   There is no limitation as to the time or manner in which such property owners may make such waiver, and we can imagine no more proper way than by a deed duly executed, acknowledged and recorded as was done in this case, and no more proper time for so doing than the time when the property is platted into lots and blocks, and the street, avenues and alleys are dedicated to public use—as was done in the case before us.

The judgment below should be affirmed, in our opinion.

It is so ordered.   *Brown C.,* dissents; *Ragland, C.,* concurs.

PER CURIAM:—The foregoing opinion by Small, C., is adopted as the opinion of the court.   All of the judges concur.