W. H. Tebbs et al., Appellants, v. Platte County.—28 S. W. (2d) 656.

Division One, June 3, 1930.

*Andrew D. Gresham* and *Walter J. Gresham* for appellants.

*J. B. Wilson, J. W. Coots, Jr.,* and *Terrence Riley* for respondent.

RAGLAND, J.—Plaintiffs are, and since March 24, 1921, have been, the owners in fee of approximately 190 acres of land in Platte County. They were, and are, non-residents of the State. In 1923, without their knowledge or consent, a road across their land was surveyed, marked out and graded—following which the public assumed to, and did, use it as a public highway. Plaintiffs bring this action against Platte County to recover the value of the land taken for the road and the damages to the remainder of the tract resulting from such taking. For a statement of the proceedings had with reference thereto in the circuit court, we adopt that of appellants (plaintiffs), as follows:

"Plaintiffs' evidence showed the filing, in 1923, of the petition by certain landowners to change a public road so as to run across plaintiffs' land; that the county court acted upon the petition by

ordering the county highway engineer to survey the road and report; that there is no record that the court made a finding that notices had been posted; that the engineer reported favorably to the court on the change of road petitioned for; that the county court entered of record an order that the change be made, and appointed commissioners to assess damages; the order appointing commissioners recites that the court found that the road be established at the expense of the county; that the highway engineer in his report to the county court listed the names of the owners of plaintiffs' land as 'Tibbs Bros.,' and endorsed upon his report an erroneous statement that the tenant of the land stated that 'Tibbs Bros.' would give the right of way free of charge; that the name of plaintiffs is not 'Tibbs Bros.;' that the road runs across plaintiffs' land a distance of 2495 feet, thirty feet wide, taking approximately two acres of the value of $200; that it made necessary the building of fences on both sides of the road, with gates, at a cost of $400; that it cuts off a small tract of twenty acres from the rest of the farm, causing damage of $1,000; that the records showed no order to open the road subsequent to the report of the commissioners; that it paid damages assessed to other owners as reported by the commissioners, but paid nothing to plaintiffs; that the county highway engineer built the road and a large concrete culvert thereon, all at the cost of and paid for by the county; that the road is now open to public use as a highway and is being maintained by the county; that plaintiffs, being non-residents of the State, knew nothing of the road until February, 1926.

"At the close of plaintiffs' evidence, defendant demurred to the evidence and requested a peremptory instruction, which the court gave, directing the jury to find for defendant, which the jury accordingly did."

Judgment was entered on the verdict for defendant, and plaintiffs appealed.

The record does not disclose the precise ground or grounds upon which the circuit court sustained the demurrer, but that it was well ruled we have no doubt. The proceedings for the establishment of a public road across appellants' land were had, or purported to be had, under and pursuant to the provisions of Sections 10625 to 10630, inclusive, Revised Statutes 1919. Under the provisions of these sections the county court and the county officers, who are required to exercise certain powers and perform certain duties, in connection with the establishment of public roads, with respect to such powers and duties, are agents of the State and not the county. Their relation to the county in that respect, and particularly that of the county court, was clearly defined by this court at an early date in Reardon v. St. Louis County, 36 Mo. 560. It is there said:

"A county is a territorial subdivision, a *quasi* corporation, and

is invested with corporate powers for certain purposes. The statute laws of the State establish county courts, and prescribe their powers and duties, giving to them, among other things, the control and management of the county property, the power to levy taxes to defray the expenses of their respective counties, and also certain specific powers in respect to opening and repairing roads and highways.

"The powers of the county court, and what precise relation it bears to the county, we are to ascertain from the numerous acts which have been passed from time to time by the Legislature, conferring jurisdiction upon it. It is nowhere declared that the county court is the general agent or representative of the county; it is a part of the State government with specific powers, duties and functions, generally local to the county, it is true, but derived from the State and not from the county, and subject to be altered or changed at the will of the Legislature, without regard to the will of the county. It acts independently of the county in obedience to State laws. Duties imposed upon the county court by the Legislature, it performs as acts of obedience to the Legislature directly, as a State functionary, and not as an agent of the county. It is true, it can bind the county in some contracts, subject it to some legal obligations, and appropriate its money to certain objects; but these powers it exercises by virtue of authority derived from the State Government, and in obedience to State laws.

"The State Legislature has given to the county court of St. Louis County certain powers and duties in respect to roads and highways in that county, and even if we admit that the acts of the Legislature do fully impose upon the county courts the duty to construct and repair and keep in good order the bridges, and that the same acts confer upon it the means of accomplishing that duty, by the levying of taxes upon the property of the people of the county, does it then follow as a legal sequence that the county is responsible for special damages arising out of neglect in keeping a road or bridge in proper condition? The duty is imposed not upon the county but upon the county court, nor has the county any power over districts and overseers. . . .

"The counties, as such, have no control over the repair of roads; they choose the county court, and there their power ceases. The statute gives to the county court, in express terms, the care and superintendence of the highways and bridges of the county, and confers upon it all the powers requisite to the execution of the trust; and it derives all its authority, not through the county, but directly from the statute. The county has no authority to give any direction or instruction to the county court as to the proper performance of its duty."

There have been many changes and transmutations in the road law since the above was written, but what is there said is just as applicable to the provisions of the sections above referred to as it was to the law as it then existed. Under these sections the proceedings for the establishment of a road, and the condemnation of land incident thereto, are initiated by petitioners and not the county, and under some of the conditions prescribed even the county court may not exercise discretion, but must order the road established in accordance with the prayer of the petition. The damages to the landowners may be assessed against the petitioners for the road, or against the county, or against both, according to the probable accrual of benefits from the establishment of the road. [Sec. 10629, R. S. 1919.] But though the county, representing the general public, may be required to pay all the damages it is not the condemnor. It is the State which through its own agents and instrumentalities seizes and appropriates the land for public use.

After the land has been appropriated and the road established, the road then passes under the general control and supervision of the county court, as a local agency. [Sec. 10632, R. S. 1919.] It has accordingly been held "that the counties, through their county courts and other officers, have the management and control of the public highways." [McCarty v. Clark County, 101 Mo. 179, 183, 13 S. W. 51.]

As Platte County did not take appellants' land, an action for damages will not lie against it for the taking. If the proceeding for opening the road was void, as appellants contend, their remedy is in ejectment. [McCarty v. Clark County, supra.]

We are not holding, of course, that counties are not vested with the power of eminent domain under which they can condemn private property for public road purposes. They are vested with such power. [Sec. 10636, R. S. 1919; Petet v. McClanahan, 297 Mo. 677, 688, 249 S. W. 917.] And have been since the passage in 1913 of an act relating to the establishment and vacation of public and private roads. [Laws 1913, pp. 651, 661, sec. 30.] What we are holding is that in the proceeding out of which this controversy grows Platte County was not the condemning agent.

The judgment of the circuit court is affirmed. All concur.