EDGAR E. ZOLL and MAMIE J. ZOLL v. COUNTY OF ST. LOUIS, Appellant.
—124 S. W. (2d) 1168.

Division One, February 8, 1939.

*George E. Heneghan* for appellant.

*Alfred H. Kerth* and *Orla M. Hill* for respondents.

*Louis V. Stigall* and *Ralph M. Eubanks* for State Highway Commission and *Rufus Burrus* for Jackson County, *amici curiae.*

BRADLEY, C.—This cause was recently reassigned. It is an action to recover consequential damages resulting from changing the grade of a public highway. A jury trial resulted in a verdict and judgment for plaintiffs in the sum of $1375, and defendant appealed.

Plaintiffs base their cause upon Section 21, Article II of the Constitution, dealing with the taking or damaging private property for public use. Plaintiffs owned lots 15 and 16 in Yeoman addition to Midland Heights, a subdivision in St. Louis County. On these lots were a two story frame residence, a garage, and an outbuilding. The south line of these lots abuts (143 feet) on Midland Boulevard, an east and west public highway, established in 1898, and the east line abuts (143 feet, 6 inches) on Yeoman Avenue, a north and south public highway, established subsequent to 1898, but date is not given. October 19, 1932, the county, acting through the county judges, entered into a contract with a construction company for the grading of Midland Boulevard. In the execution of this contract, the grade, along and by plaintiffs' lots, was raised some seven to nine feet. The construction company was made a defendant, but its demurrer to the petition was sustained, and plaintiff dismissed as to the construction company. The county filed a demurrer to the petition, but this demurrer was overruled and the county answered, admitting that it was a political subdivision of the State, and denying generally other allegations in the petition. The county filed a demurrer to the evidence at the close of plaintiffs' case, and at the close of the whole case, but these were overruled, and the cause submitted, resulting in a verdict for plaintiff as above stated.

The county contends that in grading the public highway along and by plaintiffs' lots, it acted as the agent of the State and in a governmental capacity, and is not liable for the consequential damages to plaintiffs' property. Also, error is assigned on instructions given at the request of plaintiffs.

Section 21, Article 2, reads: ''That private property shall not be taken *or damaged* for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be prescribed by law; and until the same shall be paid to the owner, or

into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested. . . ." (Italics ours.)

It is conceded that there is no statute authorizing the maintenance of such suit as the present one, but plaintiffs contend that the Constitution itself is authority for the maintenance of the cause. Counties are "legal subdivisions of the State" (Constitution, Sec. 1, Art. IX), and it has been held in this State, without exception, that the county judges, in dealing with public roads, are agents of the State and not of the counties. Quite a few actions against a county for damages have reached this court, and generally it has been held that recovery could not be had. We shall review some of these cases.

Reardon v. St. Louis County, 36 Mo. 555, was an action for damages for the death of plaintiff's husband. The husband, while walking at night along a public highway, stepped off a bridge. It was alleged that the county was negligent in failing "to provide proper guards to said bridge." Demurrer to the petition was sustained. It was held that the county court in dealing with public roads was the agent of the State and not of the county, and that "counties, as such, have no control over the repair of roads; they choose the county court, and there their power ceases. The statute gives to the county court, in express terms, the care and superintendence of the highways and bridges of the county, and confers upon it all the powers requisite to the execution of the trust; and it derives all its authority, not through the county, but directly from the statute. The county has no authority to give any direction or instruction to the county court as to the proper performance of its duty." It was ruled that the demurrer was properly sustained.

Swineford et al. v. Franklin County, 73 Mo. 279, was an action for consequential damages resulting from the action of the county court in causing to be filled up a millrace in order to prevent injury to a public road. A demurrer to the evidence was overruled, and plaintiffs recovered a judgment. Appeal was taken to the St. Louis Court of Appeals (6 Mo. App. 39), and the judgment was reversed. Appeal was then taken to the Supreme Court and the ruling by the Court of Appeals was affirmed. In the opinion the Supreme Court said that "county courts are charged by statute with the construction and repair of roads and bridges, but in exercising such functions, they are neither the agents nor the servants of the counties."

Pundman v. St. Charles County, 110 Mo. 594, 19 S. W. 733, was an action to recover damages resulting from a defective bridge in a public road. Plaintiff's team and wagon, loaded with wheat, was being driven by plaintiff's agent. When on the bridge it collapsed, resulting in damage to plaintiff's wagon, team, etc. A demurrer to the petition was sustained and plaintiff appealed. The court, in ruling

the case (110 Mo. l. c. 596-7), said that the demurrer was properly sustained; that "it has long been settled law in this, State that counties, being merely political subdivisions of the State and only *quasi* corporations created by the Legislature for purposes of public policy, are not responsible for neglect of public duties enjoined upon its officers, unless the action is given by statute; and no statutory action is given in cases such as this. .. . . . Although this doctrine has been maintained since, as well as before, the adoption of the Constitution of 1875, yet it is now suggested that it ought no longer to be adhered to because of the provision contained therein that 'private property shall not be taken *or damaged* for public use without just compensation.' [Constitution, Art. II, Sec. 21.] It is not seen how this constitutional provision has any application to the case in hand. Certainly the plaintiff's property was neither taken nor damaged for the public use, within the meaning of this provision of the Constitution made to secure to the owner compensation in case his property is either taken or damaged for the public use in the exercise of the right of eminent domain; nor can it be seen how the plaintiff's property in this case has been either taken or damaged for the public use in any sense whatever."

Clark v. Adair County, 79 Mo. 536, was an action for damages resulting from the collapse of a bridge in a public road. The facts are quite like those in the Pundman case, supra. A demurrer to the petition was sustained, and plaintiff appealed. The court said: "Under the law of this State, as laid down in the cases of Reardon v. St. Louis County, 36 Mo. 555, and Swineford v. Franklin County, 73 Mo. 279, the judgment in this case will have to be affirmed. Counties are territorial subdivisions of the State, and are only *quasi*-corporations created by the Legislature for certain public purposes. As such they are not responsible for neglect of duties enjoined on them or their officers unless the right of action for such neglect is given by statute. Such has always been the law of this State. The plaintiff's case does not fall within the distinction approved in the case of Hannon v. St. Louis County, 62 Mo. 313. In this latter case the county was held liable for injuries suffered by the employee of a contractor, while a trench was being dug through the grounds of the county insane asylum under the superintendence and control of the county. It was held that in respect to county property of which the county was owner and proprietor, it must be held responsible for negligence in improving and managing it like any other proprietor of realty. The correctness of the doctrine settled in Reardon v. St. Louis County, was not questioned, but on the contrary was alluded to in terms of approval."

Moxley v. Pike County, 276 Mo. 449, 208 S. W. 246, was an action for damages resulting from personal injury. Plaintiff's automobile,

driven by himself at night on a public road, and occupied by himself and wife, ran over the bank and into the bed of a stream from which the bridge had been removed, and the place left unguarded. Originally this road was a private road and toll was charged, but later taken over by the county and collection of toll continued. It was contended that since this road, at its origin, was a private road and that toll was charged, and that toll continued to be charged after the road was taken over, the county was liable. In ruling the case, the court said (208 S. W. 1. c. 248): ". . . Pike County, in taking over the control and management of the road in question by authority of the Act of 1899, and maintaining toll gates thereon, and collecting tolls from travelers to provide a fund for its maintenance, was acting in the capacity of agent of the State, and that its negligence in the performance of the duties arising from such official relation is not imputable to the county, which is not, therefore, liable in this suit."

Tebbs et al. v. Platte County, 325 Mo. 304, 28 S. W. (2d) 656, was an action to recover the value of land *taken* for a public road and *damages* to the remainder of the tract. The plaintiffs, nonresidents of the State, owned 190 acres of land in Platte County. In 1923, without their knowledge or consent, a public road, resulting from proceedings in the county court, was constructed across the land. The strip taken was 2495 feet in length and thirty feet in width, comprising approximately two acres, claimed to be of the value of $200. The building of the road made it necessary to expend $400 for fences and gates. The road cut off twenty acres from the remainder of the farm, causing a damage estimated at $1000. A demurrer to plaintiff's evidence was sustained and they appealed. The county court had proceeded under what is now Sections 7827 et seq., Revised Statutes 1929 (Mo. Stat. Ann., secs. 7827 et seq., pp. 6725 et seq.). Of these statutes the court said: "Under the provisions of these sections the county court and the county officers, who are required to exercise certain powers and perform certain duties, in connection with the establishment of public roads, with respect to such powers and duties, are agents of the State and not the county. Their relation to the county in that respect, and particularly that of the county court, was clearly defined by this court at an early date in Reardon v. St. Louis County, 36 Mo. 560." [Sec. 21, Art. II of the Constitution was not discussed.]

The court in the Tebbs case quoted from the Reardon case, supra, and then said (325 Mo. 304, 28 S. W. (2d) 1. c. 657): "There have been many changes and transmutations in the road law since the above (quote from Reardon case) was written, but what is there said is just as applicable to the provisions of the sections above referred to as it was to the law as it then existed. Under these sections the pro-

ceedings for the establishment of a road, and the condemnation of land incident thereto, are initiated by petitioners and not the county, and under some of the conditions prescribed even the county court may not exercise discretion, but must order the road established in accordance with the prayer of the petition. The damages to the land-owners may be assessed against the petitioners for the road, or against the county, or against both, according to the probable accrual of benefits from the establishment of the road. [Sec. 10629, R. S. 1919, now Sec. 7831, R. S. 1929, Mo. Stat. Ann., sec. 7831, p. 6732.] But, though the county, representing the general public, may be required to pay all the damages, it is not the condemnor. It is the State which through its own agents and instrumentalities seizes and appropriates the land for public use. . . . As Platte County did not *take* appellants' land, an action for damages will not lie against it for the taking. If the proceeding for opening the road was void, as appellants contend, their remedy is in ejectment.'' (Italics ours.) [See, also, Barker v. St. Louis County, 340 Mo. 986; 104 S. W. (2d) 371.]

State ex rel. McWilliams, Pros. Atty., v. Little River Drainage Dist. et al. (en banc), 269 Mo. 444, 190 S. W. 897, was a proceeding by injunction at the relation of the prosecuting attorney of Scott County and for the benefit of the county and against the drainage district and its board of supervisors. The purpose of the suit was to enjoin the cutting, by the district, of a public road until consent of the county was obtained, and until arrangements were made to the effect that the county ''and the citizens thereof'' would not have to bear the expense of a bridge. There is nothing in the case pertinent to the present case, except what was said (190 S. W. l. c. 900) on the subject of agency when a county court deals with public roads, which follows: ''In opening, vacating, improving, repairing, and dealing with the public highways, the several counties and the county courts thereof are but agencies, or agents of the State, acting from the very necessities of the case by delegated authority.''

Sigler et al. v. Inter-River Drainage Dist., 311 Mo. 175, 279 S. W. 50, was to recover damages to lands lying outside the district and damaged by certain works constructed by the district. It was held that the district was a governmental agency of the State and was not liable under Section 21, Article II of the Constitution. It is said in the opinion (279 S. W. l. c. 56) that it is settled law in this State that the drainage district ''is a governmental agency, exercising only public governmental functions, and as such, to be classed with counties, road districts and school districts,'' citing Morrison v. Morey, 146 Mo. 543, 48 S. W. 629; Mound City Land & Stock Co. et al. v. Miller et al., 170 Mo. 240, 70 S. W. 721, 60 L. R. A. 190, 94 Am. St. Rep. 727; Wilson v. King's Lake Drainage & Levee Dist.,

257 Mo. 266, 165 S. W. 734; State ex rel. McWilliams v. Little River Drainage Dist., 269 Mo. 444, 190 S. W. 897; State ex rel. Caldwell v. Little River Drainage Dist., 291 Mo. 72, 236 S. W. 15; State ex rel. Hausgen v. Allen, 298 Mo. 448, 250 S. W. 905; Anderson v. Inter-River Drainage Dist., 309 Mo. 189, 274 S. W. 448.

Max v. Barnard-Bolckow Drainage Dist., 326 Mo. 723, 32 S. W. (2d) 583, was similar to the Sigler case, supra. The work done by the drainage district in the Max case resulted in damages to property outside the district. It was said (32 S. W. (2d) 1. c. 586) that "such damages do not come within the constitutional provision that private property shall not be taken for public use without just compensation," and, said the court, "this applies as well to the provision found in the Constitution of this State: 'That private property shall not be taken or damaged for public use without just compensation,' " citing numerous cases.

Hill-Behan Lumber Co. v. Skrainka Construction Co., 341 Mo. 156, 106 S. W. (2d) 483, was to enjoin the construction of a viaduct in a public highway in St. Louis County until the damages, if any, which might result to the plaintiff's abutting property were ascertained and paid. After hearing the evidence the trial court dismissed the petition and plaintiff appealed. The plaintiff relied solely upon Section 21, Article II of the Constitution. The determination of the question, said the court, depended upon whether the damage was direct or consequential. If the former, injunction would lie, if the latter it would not, citing cases (341 Mo. 156, 106 S. W. (2d) 1. c. 485). In the opinion the court said that "all damages to which the constitutional provision (Sec. 21, Art. 2) refers are consequential except (1) those resulting from the actual taking of land; (2) and those occasioned to the remainder of a tract by the taking of a part thereof." It was held that plaintiff's damages were consequential and that injunction would not lie.

■ Such a cause as here has never been permitted to be maintained in this State. The long established policy of the State, as reflected in the cases we have reviewed, and there are others, clearly is against the maintenance of such suits. Cases involving municipal corporations are not authority for the maintenance of the present cause, and this because when improving streets, etc., the municipality is acting in a private and proprietary capacity and for its own private benefit. [See Moxley v. Pike County, supra (208 S. W. 1. c. 247); Zummo v. Kansas City, 285 Mo. 222, 225 S. W. 934, 1. c. 935; Cochran v. Wilson et al., 287 Mo. 210, 229 S. W. 1050, 1. c. 1053.]

In Householder et al. v. Kansas City, 83 Mo. 488, it was held that, under Section 21, Article II of the Constitution, the grade of a street cannot be changed to the damage of abutting property without compensation to the owner. Such has been the unbroken rule. [See

Sheehy v. Kansas City Cable Railway Co., 94 Mo. 574; 7 S. W. 579; Van De Vere v. Kansas City, 107 Mo. 83, 17 S. W. 695; Spencer v. Met. St. Ry. Co., 120 Mo. 154, 23 S. W. 126; Clemens v. Conn. Mutual Life Ins. Co., 184 Mo. 46, 82 S. W. 1; McGrew v. Granite Bituminous Paving Co., 247 Mo. 549, 155 S. W. 411; Stapenhorst v. City of St. Louis, 287 Mo. 285, 229 S. W. 754; State ex rel. Cadillac Co. v. Christopher, 317 Mo. 1179, l. c. 1200, 298 S. W. 720; Tremayne v. City of St. Louis, 320 Mo. 120, 6 S. W. (2d) 935; Siemers et al. v. St. Louis Elec. Terminal Ry. Co., 343 Mo. 1201, 125 S. W. (2d) 865; State ex rel. City of St. Louis v. O'Malley, 343 Mo. 658, 122 S. W. (2d) 940.

The courts in other jurisdictions, with constitutional provisions in effect the same as our Section 21, Article II, have upheld suits against counties for consequential damages resulting from public improvements. However, in some instances there was an authorizing statute, or a statute construed in connection with the Constitution. [See Board of Commissioners of Logan County v. Adler, 69 Colo. 290, 194 Pac. 621, 20 A. L. R. 512; County of Chester v. Brower, 117 Pa. 647, 12 Atl. 577, 2 Am. St. Rep. 713; Elliott v. County of Los Angeles, 183 Cal. 472, 191 Pac. 899; Smith v. Floyd County, 85 Ga. 420, 11 S. E. 850; Dallas County v. Dillard, 156 Ala. 354, 47 So. 135, 18 L. R. A. (N. S.) 884; County of Douglas v. Taylor, 50 Neb. 535, 70 N. W. 27; Nelson County v. Loving, 126 Va. 275, 101 S. E. 406; Mercer County v. Wolff et al., 237 Ill. 74, 86 N. E. 708.] The Illinois case grew out of condemnation for a jail site, and is similar in principle to Hannon v. St. Louis County, 62 Mo. 313, referred to in Clark v. Adair County, 79 Mo. 536, reviewed, supra.

In Commissioners of Logan County v. Adler, supra, the county, in constructing a bridge across a river, filled up some channels and thereby caused water in time of floods to back up and overflow the lands of Adler. Section 15, Article II, Constitution of Colorado, is, in effect, the same as Section 21, Article II of our Constitution. The Supreme Court of Colorado held, as we read the opinion, that the constitutional provision itself is authority for the maintenance of the suit against the county.

The courts of this State have consistently held that, absent consent of the State, its agencies cannot be sued in damages from whatever source caused, except when acting in a private or proprietary capacity as was the case in Hannon v. St. Louis County, supra.

It is our conclusion that the long established policy of this State forbids the maintenance of the present cause. Section 21, Article II of the Constitution, containing the *or damaged* provision, has been a part of our organic law since 1875, yet no such cause as the present one has been permitted to be maintained against the State

or its agencies. It is the prerogative of the State to determine when suit may be maintained against it or its agencies and when not. The effect of the case law in this State is that Section 21, Article II of the Constitution is not in itself consent of the State to maintain this cause, and there is no statute so authorizing.

The judgment should be reversed and it is so ordered. *Ferguson* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.