Dear Mr. Skinner:
This is in response to your request for an opinion which asks whether a mortgage lender may charge points on a residential real estate loan which it intends to resell to Clay County pursuant to the provisions of Section 108.450.1(1) or (3), RSMo Supp. 1981.
Sections 108.450 to 108.475, RSMo Supp. 1981, entitled "County Housing Bonds" (hereafter referred to as "the Act"), authorize a county or combination of counties to issue and sell revenue bonds "[i]n order to aid in providing an adequate supply of residential housing for low or moderate income persons or families. . . ." Section 108.450.1. The Act authorizes the county to use the proceeds of such sale for purposes outlined in Section 108.450.1(1)-(4). Under the Act, the county governing authority may determine such features of the bonds as their rate of interest (not to exceed fourteen percent per annum), the maturity of the bonds (not to exceed thirty-five years), provisions relating to redemption before maturity, and the allowable discount (not less than ninety-four percent of principal amount). Section 108.455.1.
Section 408.052.1, RSMo Supp. 1981, provides:
 No lender shall charge, require or receive, on any residential real estate loan, any points or other fees of any nature whatsoever, excepting insurance and a one percent origination fee, whether from the buyer or the seller or any other person, except that the lender may charge bona fide expenses paid by the lender to any other person or entity except to an officer, employee, or director of the lender or to any business in which any officer, employee or director of the lender owns any substantial interest for services actually performed in connection with a loan. In addition to the foregoing, if the loan is for the construction, repair, or improvement of residential real estate, the lender may charge a fee not to exceed one percent of the loan amount for inspection and disbursement of the proceeds of the loan to third parties. The restrictions of this section shall not apply . . . (2) to any loan for which an offer or commitment or agreement to purchase has been received from and which is made with the intention of reselling such loan to the Federal Housing Administration, Farmers Home Administration, Federal National Mortgage Association, Government National Mortgage Association, Federal Home Loan Mortgage Corporation, or to any successor thereof, to any other state or federal governmental or quasi-governmental organization. Any points or fees received in excess of those permitted under this section shall be returned to the person from whom received upon demand. [Emphasis added.]
Section 408.052.1 provides that the prohibition against charging points does not apply when a loan is made with the intention of "reselling such loan . . . to any . . . state . . . governmental . . . organization." Article VI, Section 1, Missouri Constitution, provides: "The existing counties are hereby recognized as legal subdivisions of the state." Counties are territorial subdivisions of the state created by the legislature for public purposes.Clark v. Adair County, 79 Mo. 536 (1883).
We believe Clay County is a state governmental organization as that phrase is used in Section 408.052.1. Therefore, we believe that a mortgage lender may charge points on a residential real estate loan which it intends to resell to Clay County pursuant to the provisions of Sections 108.450.1(1) or (3), RSMo Supp. 1981.
Very truly yours,
 JOHN ASHCROFT Attorney General