SWINEFORD *et al., Appellants,* v. FRANKLIN COUNTY.

**County not Liable for Acts of County Court:** ROADS. To prevent injury to a county road the county court caused a mill race which crossed the road, to be filled up. *Held,* that the county was not liable to the owners of the mill for the consequent injury to their property. Following *Reardon v. St. Louis Co.,* 36 Mo. 555.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

This is an action brought by the owners of a mill and mill-site in Franklin county, to recover damages for the filling up of their mill race. The petition alleges that the plaintiffs were carrying on a profitable milling business, and that defendant, by its agents, destroyed the race which conveyed to their mill the necessary stream of water; and thus deprived the plaintiffs of the use and value of their mill, etc. The answer is a general denial. The evidence tended to show that the plaintiffs, about the year 1867, purchased land on the Maramec river, in Franklin county, and at a place known as "Horse Shoe Bend," deepened a slough of the river and made a race of it, and there erected a saw-mill and grist-mill, at considerable expense. A county road ran along the bottom, nearly parallel with the river, and across the slough by a bridge which was supported by trestles. The plaintiffs having procured an act of the legislature authorizing the erection of a dam across the river, built a dam near the head of the slough, and erected their mill near the foot of it. In the spring of 1868, when the mill was in successful operation, a freshet washed

away a part of the dam and prevented the mill from working; and at the instance of certain persons owning land in the vicinity, the plaintiffs were enjoined from making repairs and putting the mill in running order.   While things were in this condition the county court of Franklin county, apparently apprehensive that in consequence of the deepening of the slough the water would leave the main channel of the river to such an extent as to rise in the slough and injure the trestle-work of the road which crossed the slough, made various orders from time to time, to their road officers in regard to the dam of the plaintiffs, with a view of ascertaining its effect and taking precautions to preserve the road.   A flatboat used by the plaintiffs had drifted down against the trestle-work, and the testimony tended to show that the action of the water at this point was injuring the road where it crossed the slough.   The road commissioner reported to the county court, recommending that the slough be filled up; and in January, 1869, the county court ordered that one Lucy superintend the repairing of the road and fill up the gap bridged by the trestle-work where the latter crossed the mill race.   In spite of the remonstrance of the plaintiffs, who protested that the court had no power to do it, the mill race was filled up, and Lucy was, by order of the county court, paid for his services.   A demurrer to evidence was overruled, and a verdict given for the plaintiffs.   From the judgment rendered upon this verdict there was an appeal to the St. Louis court of appeals, where the judgment was reversed. From this judgment plaintiffs appealed to this court.

*T. W B. Crews* for appellants.

The rule that *quasi* municipal corporations are not liable in damages to private actions for the neglect or trespasses of their officers, applies only to the neglect or omission of the corporation to perform those duties which are imposed upon it without its corporate consent and for

public purposes exclusively, and not to the neglect of those obligations which it incurs when a special duty is imposed on it with its consent express or implied, or a special authority is conferred on it at its request. *Bigelow v. Randolph*, 14 Gray 541; *Hannon v. St. Louis Co.*, 62 Mo. 313. The law of roads and highways is a general law, applicable alike to all counties; but the duties imposed as to any particular road or bridge may or may not be performed, and when performed, are generally for private and local interests. No county is required to build or repair any particular road or bridge; nor, indeed, any road or bridge. If the citizens of the county do not want them they need not have them. The county court is the agency provided for carrying into effect the will of the people in this respect. The people may petition and set the agency in motion, or they may remonstrate and prevent its operation; and who is entitled to complain? It is sufficient if the road or bridge is of public utility to the people of the vicinity—not a mere private convenience—although it may not be of the slightest use or advantage to any one beyond the limits of the neighborhood. It need not be a public road in the sense of the former state roads. It need not be of general and public benefit. Then, the building and repairing of such a road or bridge is but a special and private benefit to the corporation or county, authorized by general law, and made through the agency provided for the purpose, with the consent of the people, who are the beneficiaries and members of this *quasi* corporation, the county. This brings it within the precise terms of the rule in *Hannon v. St. Louis Co., supra; Kincaid v. Hardin Co.*, 53 Iowa 430; *s. c.*, 19 Am. L. Reg. (N. S.) 480; *Wilson v. Peverly*, 2 N. H. 548; *s. c.*, 1 Am. Lead. Cases (3 Ed.) 111. Our county courts are not the mere creatures of the legislative will. They are recognized by the constitution, and vested with powers and functions as clearly defined as those of the legislature itself; but in respect to the matters here, they are simply agents of the county, clothed as such with certain powers

to be exercised at their discretion, or upon certain conditions defined by law, and as to rights and property as exclusively private as sewers and streets are to a city.

*J. C. Kiskaddon* and *J. W. Booth* for respondent.

County courts, in the construction and repair of public roads, are not the agents of the counties, but are instruments of the State government, independent of the counties, though acting within county limits, and are vested with powers in respect to such roads, under general laws, for the benefit of the public at large, and not for the peculiar benefit of the counties as separate artificial beings; and, therefore, counties are not liable for the wrongful acts of such courts or their employes committed in the construction or repair of public roads. *Reardon v. St. Louis Co.*, 36 Mo. 555; *Murtaugh v. St. Louis*, 44 Mo. 479; *Crowell v. Sonoma Co.*, 25 Cal. 313; *Stewart v. New Orleans*, 9 La. Ann. 461; *Maxmilian v. Mayor, etc.*, 62 N. Y. 160; *Small v. Danville*, 51 Me. 359; *Larkin v. Saginaw Co.*, 11 Mich. 88; *Buttrick v. Lowell*, 1 Allen 172; *Walcott v. Swampscott*, 1 Allen 101; *Hafford v. New Bedford*, 16 Gray 297; *Baily v. Mayor, etc.*, 3 Hill (N. Y.) 531; *Richmond v. Long*, 17 Gratt. (Va.) 375; *Sherbourne v. Yuba Co.*, 21 Cal. 113; *Hamilton Co. v. Mighels*, 7 Ohio St. 109.

The proper officers had the right to secure the safety of the highway, for the use of the public, and any injury which resulted to the plaintiffs by reason of the act of securing the safety of the highway was *damnum absque injuria*, and the county court were the proper and sole judges of how the work should be done. Gen. St. 1865, p. 290, § 2; *Vitt v. Owens*, 42 Mo. 512; *Callender v. Marsh*, 1 Pick. (Mass.) 417; *Radcliff v. Mayor*, 4 Comst. (N. Y.) 195; *Taylor v. St. Louis*, 14 Mo. 20.

SHERWOOD, C. J.—The case of *Reardon v. St. Louis Co.*, 36 Mo. 555, is decisive of this case, and precludes plaintiffs

of any recovery, if the ruling in that case is to be followed in the present instance. My associates are of opinion to follow that case, and this must result in the affirmance of the judgment. I do not concur in this ruling, believing that the alleged distinction between the liability of municipal corporations and the non-liability of *quasi* corporations under like circumstances, is based upon precedent rather than reason, and is not sound. HENRY, J., concurs with me. Judgment affirmed.

HOUGH, J.—A few observations will suffice to show, that the distinction between the case of *Reardon v. St. Louis Co.*, 36 Mo. 555, and those cases in this State which hold municipal corporations liable in damages for a failure to keep their streets in repair, is founded in reason and eminently just. It is an elementary principle, that no person, natural or artificial, can be charged with negligence by reason of a failure to do that which it is not the duty of such person to do. Negligence is an omission of duty. Where there is no duty, there can be no negligence. Counties are not charged with the duty of keeping the highways within their limits, in repair, but municipal corporations are; hence, for injuries resulting from a failure to make needed repairs, cities in this State are held liable, and counties are not. County courts are charged by statute with the construction and repair of roads and bridges, but in exercising such functions, they are neither the agents nor the servants of the counties. Dillon on Munic. Corp., (2 Ed.) § 785. As illustrating this principle, though not directly in point, *vide, Miller v. Iron Co.*, 29 Mo. 122. If I correctly understand the opinion in the case of *Hannon v. St. Louis Co.*, 62 Mo. 313, the principle is there asserted that counties are not even liable for a neglect of such public duties as are imposed by general law upon all counties, unless an action for such neglect be given by the statute; and the county was held liable in that case upon the express ground that it had voluntarily assumed the perform-

ance of that which, if imposed by the legislature, and assented to by the county, would have become a special duty. Judge SHERWOOD, who delivered the opinion of the court in that case, further observed: "For it is the element of consent which attaches civil liability, with its attendant consequences, to the act done. In other words, as certain results flow from the acceptance by a *quasi* corporation of a special duty, or a special authority, it is, therefore, the exercise alone of that volition which fixes its liability." By reference to that case it will be observed that it was admitted by the pleadings that the county entered into the contract for the work which resulted in injury to the plaintiff. If no duty had in fact been assumed by, or imposed upon the county, and the contract pleaded had not appeared to be the contract of the county, it could not have been held liable. In the case at bar, the county did not assume the duty of repairing the highway, and no such duty was imposed upon the county, either by general or special law. The decision in *Reardon v. St. Louis Co.*, was put expressly upon the ground that the duty of repairing the highways had not been imposed upon the county, and it owed no duty, therefore, in the premises; that such duty was imposed upon the county court, not as an agent or servant of the county, but as a public and state agency. *Vide*, Thompson on Neg., 616, notes, § 1, and authorities there cited. The judgment of the court of appeals is, in my opinion, properly affirmed.