STATE ex rel. John M. ALLEN, Relator,

v.

Honorable Charles V. BARKER, Judge,
30th Judicial Circuit, Respondent.

No. 60631.

Supreme Court of Missouri,
En Banc.

March 13, 1979.

Richard D. Bender, Honecker & Bender, Springfield, for relator.

David L. Smith, Douglas W. Greene, Greene, Cassity, Carnahan, Freeman & Greene, Kenneth H. Reid, Turner, Reid & Duncan, Ted Von Willer, Jr., Woolsey, Fisher, Whiteaker & Stenger, Springfield, for respondent.

SIMEONE, Judge.

This is an original proceeding in prohibition wherein relator, John M. Allen seeks to prohibit the respondent, Judge Charles V. Barker, from dismissing certain counts of a petition filed against several defendants for damages for alleged defamatory statements.

On March 16, 1977, relator, John M. Allen, a resident of Dallas County filed a petition for damages in that county against several defendants. The petition was in four counts. Count I alleged that Salina Broadcasting Company, whose principal place of business was in Greene County, operated radio station KWTO and that on March 17, 1975, the station broadcast that:

"According to a report by State Sanitation, R.R. Willard, . . . a Dallas County farmer is starving his cattle to death; according to Willard, an inspection of a man's farm located about two miles north of Long Lane, in Dallas County, with about 300 head of cattle revealed that this farmer was starving his cattle to death; he said that there was no evidence that the cattle are being fed, that there is no feed troughs, no salt or mineral out, that all grass is gone . . . that there were 25 head already dead; . . ."

The petition alleged that the broadcast was false and accused plaintiff of a criminal offense.[1] The petition prayed for $20,000 actual and $50,000 punitive damages.

Count II sought damages against R–1 School District No. 1 of Dallas County which operated KBFL radio station and its manager and announcer, Wayne Lemons, a resident of Dallas County. Count II alleged that the defendant is a "school district in Dallas County" "operating the KBFL radio station in Buffalo, Missouri." It too alleged that "plaintiff" was starving cattle on his farm and that such defamatory statement was made by Lemons over the radio station which "was heard by plaintiff's friends, neighbors and others in Dallas County and other counties." This count sought damages against the School District and Lemons in the amounts of $20,000 actual and $50,000 punitive.

Count III alleged that on March 17, 1975, defendant Independent Broadcasting Company, whose principal place of business is in Greene County, operates KOLR–TV in Springfield. This count alleged that the station broadcast similar reports that plaintiff was starving his cattle, and that the broadcast was heard by friends, neighbors and others in Greene County and surrounding counties and by the sheriff and prosecutor of Dallas County. Plaintiff sought damages against this defendant in the amount of $50,000 actual and $100,000 punitive.

---

1. Section 563.680, RSMo 1969.

Count IV was directed against R.R. Willard, the publisher of the report. This count alleged that Willard, a resident of Greene County, published a letter to the effect that Mr. Allen was starving his cattle to death—that an inspection revealed that 25 head of cattle were already dead and that there was no evidence that the cattle were being fed. The count also alleged that Willard caused a letter to be published on March 23, 1975, in a Springfield newspaper that many cattle were dying. The petition alleged these letters and publications were false and were read in the area of Greene and other counties. Actual and punitive damages were sought.

■ Subsequent to the filing of the petition, Salina Broadcasting Company filed its motion to dismiss contending that (1) since Count I is a separate and distinct claim against it, and since the petition alleges claims against the other defendants "which are based on separate and distinct acts by each of them" Salina is not properly joined with the other defendants, (2) since the petition alleges that Salina is a corporation with its principal place of business in Greene County, and since Salina has no office in Dallas County, venue is improper, and (3) the action is barred by the statute of limitations.[2]

The defendant School District which operated KBFL radio also filed a motion to dismiss Count II. The School District alleged that (1) the petition failed to state a claim; (2) the action was barred by the statute of limitations; (3) the petition was in tort and that since the District is a political subdivision of the state it is immune from liability by reason of the doctrine of sovereign immunity.[3]

Defendant Wayne Lemons filed a motion to dismiss for failure to state a claim and because the action was barred by the statute of limitations.

Independent Broadcasting Company first filed a motion to dismiss for failure to state a claim and then on April 19, 1977 filed a supplementary motion to dismiss for improper venue. Independent contended any claim against it (a corporation) accrued in Greene County and that under § 508.040, venue in Dallas County was improper.

R.R. Willard filed no motion or answer.

Relator filed suggestions in opposition to the motions to dismiss contending (1) that the petition states a claim, (2) venue is proper because as there are several defendants "residing" in different counties, suit may be brought in any such county under § 508.010, (3) joinder of the several defendants was proper under Rule 52.05 which provides that ". . . all persons may be joined in one action as defendants if there is asserted against them jointly, *severally,* or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action";[4] and (4) the doctrine of sovereign immunity was inapplicable because in operating a radio station the School District is performing a proprietary function rather than a governmental one.

After receiving the motions, suggestions and briefs, the respondent, on January 10, 1978, wrote to all counsel for the various parties. Respondent informed all counsel that he had read the file, briefs and cases and concluded that the pending motions should be ruled as follows:

"1. Motion to dismiss sustained as to School District No. 1 . . . on the ground that defendant had governmental immunity.

"2. That the venue is improper as to Salina Broadcasting Inc. and Independent Broadcasting Co.

---

**2.** Section 516.140. This claim is without merit, since the petition was filed within two years of the publication.

**3.** This action was filed prior to *Jones v. State Highway Commission,* 557 S.W.2d 225 (Mo. banc 1977) and companion cases.

**4.** Relator relied on *Hager v. McGlynn,* 518 S.W.2d 173 (Mo.App.1974).

Salina Broadcasting, Inc., as its first pleading filed a motion to dismiss based on improper venue among other grounds. This motion should be sustained.

Independent Broadcasting, Inc., as its first pleading filed a motion to dismiss on the ground that the petition failed to state a claim against defendant, and without attacking the venue. This may well have constituted a general entry of appearance and waived the venue. Subsequently, this defendant filed an amended motion to dismiss attacking the venue. I am not sure this would have the effect of withdrawing the general appearance. I would like to see what authority each of you have on this question.

"3. The motion to dismiss as to Wayne Lemons should be overruled since the venue is proper and I believe the petition to be sufficient, however, it could perhaps be made better by amendment.

"4. R.R. Willard apparently did not file any motions or pleadings, however, the petition alleges he is a resident of Greene County, Mo., and he was served in Greene County.

The petition does not allege sufficient facts to show that the alleged libel occurred in Dallas County, Mo., and perhaps the venue is improper as to him. If requested plaintiff will be granted leave to amend the petition to set out facts showing the venue to be in Dallas County, if that be the case.

"It is my view that the alleged libel arose out of separate transactions or occurrances, [sic] and that is the reason I feel venue is improper as to part of the defendants."

On February 27, 1978 relator-Allen filed his petition for a writ of prohibition in this court after being denied relief in the court of appeals.

The petition recited the above facts and alleged that respondent indicated his inten-

tion to sustain the separate motions of the School District and Salina Broadcasting, Inc. The petition further alleged that "Respondent also threatens to sustain the supplementary motion to dismiss filed by Defendant Independent Broadcasting Company for the same reason as specified in the motion of Salina Broadcasting, Inc.[5] and . . . threatens to dismiss the action as to Defendant R.R. Willard on its own motion, . . . on the ground of improper venue." [6]

Relator prayed that respondent be prohibited from dismissing the action as to any defendant or defendants during the pendency of this proceeding.

On March 13, 1978, we issued our preliminary rule in prohibition. Return was filed by respondent and the cause briefed and argued.

In his brief filed here, relator makes three points: (1) the respondent's threatened action to sustain the School District's motion to dismiss on the ground of governmental immunity is in excess of his jurisdiction because the alleged tortious act arose in the exercise of a proprietary rather than a governmental function, (2) the respondent's threatened action to sustain the motions of Salina and Independent on the ground of improper venue is in excess of his jurisdiction because venue is proper in any county where any defendant resides and (3) the respondent's threatened action to dismiss the petition as to Independent Broadcasting and R.R. Willard is in excess of his jurisdiction because these defendants have waived venue in failing to comply with Rule 55.27(f) and (g).

Respondent, on the other hand, contends that the respondent acted properly because (1) the School District, as a political subdivision of the State has governmental immunity and that the operation of a radio station is a governmental and not a proprietary

---

5. Presumably on the ground of improper venue; Salina also alleged improper joinder of defendants; Independent did not.

6. The respondent indicated that Willard did not file any motions or pleadings. Respondent indicated that "perhaps" venue is improper since the petition did not allege sufficient facts to show that the alleged libel occurred in Dallas County but granted plaintiff leave to amend to set out facts to show venue in Dallas County.

function; (2) in acting to sustain Salina's and Independent's motions to dismiss, the respondent acted "properly" because the claims arose out of "separate and distinct" occurrences which were separate and distinct from the occurrences alleged in the other counts so that venue as to each of these defendants was improper[7] and (3) Independent Broadcasting Company did not waive venue but properly preserved the issue in its motion to dismiss.

The School District essentially relies on *Krueger v. Board of Education of St. Louis*, 310 Mo. 239, 274 S.W. 811 (1925) and contends that a voluntary and authorized assumption of an undertaking does not deprive the District of immunity under a governmental function and that the allegations that the District sold advertising to cover expenses and carried insurance, not being in the record should be disregarded as "unworthy of consideration."

Salina and Independent urge that the alleged claims of plaintiff are based on "independent and separate" acts of different defendants. The damages for each alleged defamatory statement would have to be determined separately and assessed only against each defendant. There is no contention on the part of the plaintiff that the claims are "joint." Salina and Independent contend that the venue of a libel action is in the county where the publication originates.[8] They contend that in this proceeding there is improper joinder of defendants because joinder is applicable only when there is joint action and that § 508.010 governing venue governs when several defendants residing in different counties are lawfully joined.[9]

Respondent further contends that Independent did not waive venue but rather properly preserved that issue in its original motion to dismiss. Respondent argues that Independent did not waive venue because where a defense appears on the face of a petition the defense may be interposed by a motion to dismiss without the necessity of a specific motion.[10] Since the petition stated that Independent had its principal place of business in Greene County, Independent argues that the cause of action accrued in Greene County. Therefore since the defense of improper venue appears on the face of the petition that defense may be interposed by a motion to dismiss without the necessity of "specificity." Independent contends that Rule 55.27 is applicable only when the defense of improper venue does not appear on the face of the petition. Furthermore the supplementary motion which clearly raised the issue of improper venue "related back" to and "explained" the motion to dismiss.[11]

7. In his third point respondent contends that he properly should enter an order sustaining the separate motion of Independent Broadcasting to dismiss the petition because the claim asserted against Independent "arises out of an occurrence which was separate and distinct from the [other] occurrences" so that Independent was not properly joined with the resident defendants (School District and Lemons) hence venue as to Independent was improper. However, Independent did not raise the issue of improper joinder before the respondent. Independent at first raised the issue that the petition failed to state a claim and then by supplementary motion raised the issue of improper venue on the ground that it had no office in Dallas County and that under section 508.040 venue was improper. No issue was raised as to improper joinder of parties under Rule 52.05.

8. *Houston v. Pulitzer Publishing Co.*, 249 Mo. 332, 155 S.W. 1068 (1913); *Litzinger v. Pulitzer Publishing Co.*, 356 S.W.2d 81 (Mo.1962).

9. Respondent relies on *State v. James*, 263 S.W.2d 402 (Mo. banc 1953). This case was disapproved in *State ex rel. Farmers Insurance Co., Inc. v. Murphy*, 518 S.W.2d 655 (Mo. banc 1975). Respondent also relies on *State ex rel. Adrian Bank v. Luten*, 488 S.W.2d 636 (Mo. banc 1973). This case was also disapproved in *Murphy* to the extent that it holds that contract and tort claims may not be joined in the same petition.

10. Respondent relies on *Niemczyk v. Burleson*, 538 S.W.2d 737 (Mo.App.1976) and *Household Finance Corporation v. Avery*, 476 S.W.2d 165 (Mo.App.1972).

11. Independent further contends that under §§ 509.330 and 509.340, no objection is waived unless it is not asserted within the time limited by those sections—time allowed for responsive pleadings. Independent contends that the motion to dismiss filed within that time extended the time for filing a responsive pleading hence the supplementary motion was timely and the

The issues which we must determine are: (1) did the respondent exceed or abuse its jurisdiction in indicating his intention to sustain the School District's motion to dismiss on the ground that the District was immune under the doctrine of governmental immunity; (2) did respondent exceed or abuse its jurisdiction by indicating that it would sustain Salina's motion to dismiss on the ground of improper venue and improper joinder of parties; (3) did the respondent exceed or abuse its jurisdiction by indicating that venue is improper as to Independent Broadcasting even though Independent first filed a motion to dismiss for failure to state a claim and thus was unsure whether venue was waived even though a supplementary motion was filed; and (4) did respondent exceed its jurisdiction in indicating that as to R.R. Willard venue was "perhaps" improper and by indicating that unless the plaintiff, if request is made, is able to amend the petition to show facts that the alleged libel occurred in Dallas County, the action will be dismissed as to Willard.

■■■ Certain principles in this proceeding are clear. (1) Prohibition is the proper remedy where defendants are improperly joined, venue is improper and the trial court is without jurisdiction. *State ex rel. Adrian Bank v. Luten,* 488 S.W.2d at 637; (2) Lack of venue is a defect which authorizes the issuance of prohibition, *State ex rel. Hails v. Lasky,* 546 S.W.2d 512, 514 (Mo.App. 1977); (3) Where one or more corporations are sued with one or more individuals, venue is determined according to § 508.010(2) and not § 508.040, *State v. Goodman,* 364 Mo. 1202, 274 S.W.2d 293, 297 (1954); *State v. James,* 364 Mo. 589, 265 S.W.2d 298, 299 (1954); *State ex rel. Hails v. Lasky, supra,* 546 S.W.2d at 514; (4) Section 508.040 is applicable when a corporation is a sole defendant, *State v. Weinstein,* 365 Mo. 1179, 295 S.W.2d 62, 65 (1956); (5) In an action

for defamation, proper venue lies in the county where the "cause of action accrued"; the cause of action is deemed to have accrued in the county in which the defamation was first published, § 508.010(6); and (6) The issues of proper venue are contingent upon whether there is proper joinder of parties, *State ex rel. Cozean v. Meyer,* 449 S.W.2d 377, 379 (Mo.App.1969); see note, 41 Mo.L.Rev. 199, 212–213 (1976).

As to the action of respondent concerning Mr. Lemons, the action of the trial court was favorable to the relator hence no action can be taken in this proceeding against respondent as to Lemons.

As to the School Board, we cannot say that respondent exceeded or abused his jurisdiction in intending to sustain the School District's motion to dismiss on the ground of governmental immunity under the facts as alleged in relator's petition.

■■■ The distinctions between the governmental-proprietary functions of a governmental entity such as a school district and the immunity of such an entity based on such distinctions have been thoroughly discussed elsewhere and need not be repeated here. Prior to *Jones, supra,* 557 S.W.2d at 225, the doctrine of immunity based upon the dichotomy of function produced a "maze of inconsistency." *See* Finch, J., dissenting in *O'Dell v. School District of Independence,* 521 S.W.2d 403, 417 (Mo. banc 1975). Charitably it has been said that the line between the functions is not clearly defined. The underlying test is whether the particular act performed is for the common good of all or whether the act can be performed adequately only by government and is governmental in character.[12] *See* Prosser, Torts, at 1005 (3rd ed. 1964). One distinction that is made is whether the entity receives pecuniary benefits. *See* 57 Am.Jur.2d, Municipal, Etc., Tort Liability, Sec. 33, p. 46 and *annot.,* 33 A.L.R.3d 703, 705 (1970).

objection on the ground of improper venue was not waived. Independent also contends that the motion to dismiss was never *overruled* prior to the filing of the supplemental motion.

12. "The generally accepted test is whether the act performed is for the common good of all, or whether it is for the special benefit or profit of the corporate entity." *Dallas v. City of St. Louis,* 338 S.W.2d 39, 44 (Mo.1960).

■ Our decisions prior to *Jones* have struggled with the dichotomy and generally have upheld immunity. *See Payne v. County of Jackson*, 484 S.W.2d 483 (Mo.1972); *Barchers v. School District of Kansas City*, 501 S.W.2d 502 (Mo.App.1973)—loss of eye while attending class; *O'Dell, supra* —injury during wrestling practice; *Krueger v. Board of Education, supra* —injury in lunchroom cafeteria; *Smith v. Consolidated School District No. 2*, 408 S.W.2d 50 (Mo. banc 1966). The fact of voluntariness of the act is not determinative of immunity if it aids the efficiency, progress and convenience of the school.

"The true ground of distinction to be observed is not so much that the duty is mandatory rather than self-imposed pursuant to authority of a general law, but is that the duty assumed is public in character, and not for profit, but for the public good, and is directly related to and in aid of the general and beneficient purposes of the state . . . ." *Krueger, supra,* 274 S.W. at 814.

However, despite the difficulties with the governmental-proprietary distinction, the General Assembly by enactment of § 537.-600 (Laws, 1978, p. 201, H.B. 1650, § 1) reinstated "[s]uch sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, . . ." the date of the opinion in *Jones, supra.* Hence, the distinction is still viable and must be applied.

■ We know of no decisions which deal with the operation of a radio station by a school district although many functions are categorized in *annot.* 33 A.L.R. 703. However, we cannot say that the respondent exceeded his jurisdiction in indicating his intent to sustain the District's motion to dismiss under the facts as pleaded in the petition. Relator pleaded in Count II only that the "defendant is a school district in Dallas County, Missouri and operating the KBFL radio station in Buffalo, Missouri, and that defendant was so operating the radio station on March 17, 1975." No other facts are alleged. Since the relator pleaded that that "defendant is a school district"

the presumption is one of immunity. Immunity is the general rule and non-immunity the exception. To come within the exception it is incumbent upon relator to plead sufficient facts to show that the school district, presumptively immune, is engaged in a proprietary rather than governmental function.

In *Burke v. City of St. Louis*, 349 S.W.2d 930 (Mo.1961), plaintiff sought damages for injuries when he slipped on the floor of Soldiers' Memorial. The trial court sustained a motion to dismiss. We held this to be error, reversed and remanded. The petition did not specifically allege facts that the city was not acting in a governmental capacity or was acting in a proprietary capacity. Since liability is an exception to the general principle of immunity, in such a situation it is incumbent upon the plaintiff to aver facts sufficient to manifest his right to maintain an action.

■ Therefore, we conclude that the respondent did not exceed his jurisdiction in his anticipated ruling as to the School District. However, relator should be given an opportunity to amend the petition to aver sufficient facts to bring the cause within the exception to the general doctrine of immunity. *Burke, supra.*

We turn to the issue of whether respondent exceeded or abused the exercise of jurisdiction relating to his intention to sustain Salina's motion to dismiss on the ground of improper venue.

■ The question of proper venue must be resolved by the statutes relating to venue *and* by the rules relating to the propriety of joinder of defendants, for the question of venue is contingent upon proper joinder of parties defendant. It is to be noted that relator's petition did not allege any concert of action between the various defendants but alleged that each published the allegedly defamatory statement and that each should be responsible for independent damage. No joint claim was alleged.

Section 508.010, subsection 6 provides:

"In all tort actions the suit may be brought in the county where the cause of

action accrued regardless of the residence of the parties, and process therein shall be issued by the court of such county and may be served in any county within the state; provided, however, that in any action for defamation or for invasion of privacy the cause of action shall be deemed to have accrued in the county in which the defamation or invasion was first published."

■ In this state, it is well settled that in an action for defamation, the cause of action accrued in the county in which the defamation was first published. *Houston v. Pulitzer Pub. Co.*, 155 S.W. at 1068; *Jones v. Pulitzer Pub. Co.*, 256 Mo. 57, 165 S.W. 304 (1914); *Davidson v. Pulitzer Pub. Co.*, 178 S.W. 68 (Mo.1915); *McClung v. Pulitzer Pub. Co.*, 279 Mo. 370, 214 S.W. 193 (banc 1919); *Litzinger v. Pulitzer Publishing Company*, 356 S.W.2d at 84, *cert. denied*, 374 U.S. 831, 83 S.Ct. 1872, 10 L.Ed.2d 1053 (1963); See *annot.* 37 A.L.R. 908, 148 A.L.R. 477, 50 Am.Jur.2d, Libel and Slander, Venue, § 387, p. 909. While these decisions deal with newspapers, a sufficient analogy exists as to radio and television stations.

Under the venue statute therefore the cause of action accrued in the county in which the alleged defamation was first published—as to Salina—in Greene County.

However, if Salina is properly joined in the action with the School District, and Lemons of Dallas County, then venue is proper as to Salina.

■ We turn then to the question of the propriety of permissively joining Salina whose principal place of business is in Greene County with the School District and Lemons of Dallas County. The venue statute governs the venue of actions wherein several defendants are lawfully joined under the provisions of Rule 52.05. *State ex rel. Cozean v. Meyer*, 449 S.W.2d at 379; disapproved on other grounds in *State ex rel. Farmers Insurance Co., Inc. v. Murphy*, 518 S.W.2d at 664.

Rule 52.05 provides that all persons may be joined in one action as defendants if there is asserted against them jointly, sev-

erally or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action.

Permissive joinder of parties, unlike joinder of claims, is not unlimited. Two conditions must be satisfied under this Rule. There must be common questions of law or fact and the right to relief asserted must arise out of the same transaction or occurrence or the same series of transactions or occurrences. The history, source and purpose of the Rule is thoroughly considered by Finch, J., in *State ex rel. Farmers Insurance Co., Inc. v. Murphy, supra*. There this court sanctioned the joinder of parties where one claim arose out of an occurrence and another arose out of a transaction and specifically disapproved of the restrictive interpretation placed upon the Rule in *State ex rel. Campbell v. James, supra*. We held that:

"It seems clear from the foregoing articles and cases . . . that under the federal rules, from which our rules on joinder of claims and joinder of parties are taken, 'occurrences' are included in 'transactions.' It follows that the fact that both terms are used in Rule 52.05(a) is not a basis for concluding that persons may not be joined as defendants on the basis that claims against some of them are contract claims and others are tort claims." *Murphy*, 518 S.W.2d at 661.

■ Our joinder rule, 52.05 was adopted from the federal rule governing joinder, Fed.R.Civ.P. 20. Under these rules the federal courts, and Missouri, have broadened the range of claims which may be permissibly joined. While the older decisions do not permit joinder of parties in actions for defamation, the facts of this case provide a good example of the reasons joinder should be permitted herein. Each defendant was alleged to have defamed plaintiff through publication. Radio and television broadcasts are not limited by county lines. Permitting joinder of Salina would be in keeping with the trend toward a broad construc-

tion of the pleading rules. While joinder was originally limited by the common law and the Field Code, modern law has clearly extended permissive joinder to cases in which the injury is indivisible and to successive tortfeasors liable for at least a part of plaintiff's injury. However, no definitive test to determine if defendants may be joined has been devised. One court has stated: "[T]he approach must be the general one of whether there are enough ultimate factual concurrences that it would be fair to the parties to require them to defend jointly against them . . . ." *Eastern Fireproofing Co., Inc. v. United States Gypsum Co.*, 160 F.Supp. 580, 581 (D.Mass.1958). The Eighth Circuit has adopted the "logical relationship" test, drawn from cases interpreting Fed.R.Civ.P. 13(a)'s requirement that compulsory counterclaims be made where claims arise out of the same series of transactions or occurrences. Adopting this test to Fed.R.Civ.P. 20 permits "reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). *Accord, United States v. Mississippi*, 380 U.S. 128, 142–43, 85 S.Ct. 808, 13 L.Ed.2d 717 (1965); Wright & Miller, 7 Federal Practice & Procedure, § 1653 at 268–74 (1972); *see Great Lakes Rubber Corp. v. Herbert Cooper Co., Inc.*, 286 F.2d 631 (3rd Cir. 1961) (explanation of logical relationship test as relating to Fed.R.Civ.P. 13(a)). Such is in keeping with the Supreme Court's admonition in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966): "Under the [federal] Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."

 In this case the claim against Salina is logically related to the other claims and should be joined. We approved adoption of the logical relationship test from Fed.R.Civ.P. 13(a) to compulsory counterclaims under Rule 55.32(a) in *State ex rel. Farmers Ins. Co. v. Murphy*, 518 S.W.2d

655, 659–62 (Mo. banc 1975) citing with approval *Cantrell v. City of Caruthersville*, 359 Mo. 282, 221 S.W.2d 471, 474 (1949). It follows that in keeping with the broad policy favoring permissive joinder, we should follow the lead of the Eighth Circuit in applying that test to permissive joinder under rule 52.05(a). To do so would not be a significant break with tradition, but would rather be the next logical step in the development of the joinder rules. The case at bar is much like one in which a plaintiff is physically injured by first one defendant, then another, and then another, so that it is extremely difficult or impossible to sort out the injuries attributable to each and joinder is thus the most feasible and economical manner available for plaintiff to pursue his claims. *See Hager v. McGlynn, supra*. We thus have the "[c]ement or unity justifying joinder . . . [found in] . . . the fact that all acts or conduct are more or less consciously directed toward or connected with some common core, common purpose, or common event", required by *Levey v. Roosevelt Fed. Savings & Loan Ass'n of St. Louis*, 504 S.W.2d 241, 247 (Mo.App.1973). As such, we see no reason why this case should be treated any differently than any other tort simply because it involves defamation. If the requisite "logical relationship" is present, it seems inconsistent to establish a different rule for defamation than for other actions. As a result, joinder should be permitted. Of course, it still lies within the discretion of the trial court after discovery and other pre-trial actions to have separate trials. As to Salina therefore we hold that it was properly joined as a defendant under Rule 52.05 and that venue was proper in Dallas County.

Under the discussions relating to Salina, Independent is also properly joined as a defendant under Rule 52.05. However, Independent did not raise the issue of improper joinder, but rather contends that there was no waiver of venue by first filing a motion to dismiss and then filing a supplementary motion for improper venue. It contends there was no waiver in such situation. Whether there was a waiver or not

there was proper joinder. Since Independent raised the question of waiver, we will discuss that question.

Rule 55.27(a) provides that improper venue may be raised by motion. Rule 55.27(f) provides that a party who makes a motion may join with it other motions and if a party makes a motion but omits therefrom any objection then available to him which the Rule permits to be raised by motion he shall not thereafter make a motion based on the objection so omitted except for certain substantive defenses in 55.27(g)(2). Venue, of course, unlike jurisdiction can be waived. *Jones v. Church*, 252 S.W.2d 647, 648 (Mo. App.1952).

Respondent argues, however, that when a defense appears on the face of a petition that the defense may be interposed by a motion to dismiss without the necessity of a specific motion. Furthermore, respondent contends that the relator literally pleaded himself out of court by alleging that Independent's residence was in Greene County.

Respondent's argument is without merit for two reasons: First, respondent relies on *Niemczyk v. Burleson*, 538 S.W.2d at 737, and *Household Finance Corporation v. Avery*, 476 S.W.2d at 165, for both propositions that a defense apparent on the petition's face may be interposed without specific motion and that a petitioner can plead himself out of court. Both cases are inapposite. They both deal with cases in which a petition is clearly without substantive merit. This is certainly not the case we are presented with here.

The second, and perhaps the most important reason that respondent's argument lacks merit is that an objection to venue may be waived. *Jones v. Church*, 252 S.W.2d at 648; Rule 55.27(g). At the time of filing the motion to dismiss, an objection as to venue could have been made by Independent, but was not. Hence, Rule 55.27(g) is applicable. The defense is waived.

Respondent argues, though that when Independent filed its motion to dismiss on the theory of improper venue that the motion was purely "supplemental." Respondent claims that as such, the second motion "related back to and merely explained the motion before the court." A "supplemental" motion to dismiss on venue grounds in no way "explains" the motion to dismiss for failure to state a claim. The two motions are separate and distinct, as specifically set out in Rule 55.27(a). The legal grounds for the motions are dissimilar and the use of one does not "explain" the other.

As noted in *Kersey v. Harbin*, 531 S.W.2d 76, 79 (Mo.App.1975), "[a] motion to dismiss for failure to state a claim upon which relief can be granted performs the same function as a general demurrer." And in *Jones v. Church, supra* at 648, the court approvingly cited *Lieffring v. Birt*, 154 S.W.2d 597 (Mo.App.1941) which held that the filing of a demurrer is a general entry of appearance. Finally, the court in *Jones* notes at 648: "If the venue is improper, the defendant must bring such facts to light . . . before entering a general appearance; otherwise he has waived any possible objection."

By not objecting to venue in the original motion to dismiss for failure to state a claim upon which relief could be granted, Independent waived venue. Rule 55.27(g).

Hence, for the reasons discussed above, as to Independent, the writ of prohibition must be made absolute.

As to R.R. Willard, the trial court has clearly indicated the intention to dismiss Willard unless plaintiff is able to allege that the libel occurred in Dallas County. However, as we have seen, joinder of defendants Salina and Independent are proper here, even though the slander or libel occurred originally in Greene County. That being so, joinder of Willard is also proper, even though the false publication alleged to have been caused by Willard occurred in Greene County, where the newspaper was published. As to Willard, therefore, the writ is also made absolute.

In summation, we hold that (1) our preliminary rule heretofore issued should, under the circumstances here and without amendment of the petition, be quashed as

to School District No. 1 of Dallas County; (2) our preliminary rule as to Salina Broadcasting, Inc., should be made absolute; (3) our preliminary rule as to Independent should be made absolute; and (4) our preliminary rule as to R.R. Willard should be made absolute. No action is taken as to Mr. Wayne Lemons.

MORGAN, C. J., BARDGETT, DONNELLY, RENDLEN, SEILER, JJ., and FINCH, Senior Judge, concur.

WELLIVER, J., not participating because not a member of the court when cause was submitted.